## HENRY vs. WARD.

It is not necessary for a Sheriff to state, in his return, that he executed the process in his own county. The law requires him to state *how*, but not *where*, he executed it. If he states that he executed it, the presumption is, that he executed it within his own county.

Under the provisions of the Revised Statutes, upon judgment on a contract bearing more than six per cent. interest, interest at the rate specified in the contract, accrues on the *whole* judgment, (including the debt and the interest to the date of the judgment, as damages), from the date of the judgment.

DEBT, determined in Crawford Circuit Court, in February, A. D. 1841, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges. Ward sued Henry on a note for $641 44 cents, bearing ten per cent. interest, due Jan. 14, 1840. The Sheriff executed the summons on Henry; but did not state that he executed it in Crawford county. Judgment was rendered by default, for $499 43 cents, residue of debt, $70 38 cents, damages, with interest on the judgment, at the rate of ten per cent. per annum, till paid. Henry sued his writ of error.

*Linton*, for the plaintiff in error, to the point that the return was insufficient, cited *Gilbreath vs. Kuykendall*, 1 *Ark*. 50. *Rose vs. Ford et al.* 2 *Ark*. 26. That too much interest was adjudged. *Wooster vs. Clark*, 2 *Ark*. 101.

The case was further argued by

*Pike*, for the defendant in error; and *W. & E. Cummins*, in response.

*By the Court*, RINGO, C. J.

The plaintiff in error recites and relies upon the cases of *Gilbreath vs. Kuykendall*, 1 *Ark. R.* 50; and *Rose vs. Ford et al.* 2 *Ark. R.* 26, as establishing the proposition, that the return to process, to justify a judgment by default, must expressly state, that it was executed in the county within which the officer to whom it is addressed is authorized by law to execute it. We have examined the opinions expressed in

Henry *vs.* Ward.

the cases cited, and find that this point has not been expressly decided in either. The Court, in these cases, says, in effect, that it must appear, from the return of the officer, that the process was executed in such county, and must state expressly how it was executed. This opinion we still entertain; but the statute does not require the officer to state expressly, in his return, where the process was served; and, therefore, the legal presumption that he acted within the sphere of his power, and according to the obligations of his official duty, must be so far indulged as to warrant the conclusion that the act was done within the limits of the county in which he was legally authorized to act. The return before us shows every fact essential to a legal execution of the writ, and is signed " Eli Bell, Sh'ff of Crawford county, Ark." And, although it does not expressly state that it was executed in said county, the legal presumption is, that it was executed there; and, therefore, it is, in our opinion, sufficient to warrant the judgment by default.

The second question depends upon the construction to be given to the provisions contained in chapter 80 of the Revised Statutes of this State; the 2d section of which provides that parties may agree, in writing, for the payment of interest, not exceeding ten per centum per annum; the third gives interest on all moneys due on judgments at law, or decrees in equity, from the day of the rendition thereof, until satisfaction be made, by payment, or sale of property; and the fourth declares expressly, " that judgments or decrees upon contracts bearing more than six per cent. interest, shall bear the same interest as may be specified in such contracts, and the rate of interest shall be expressed in all such judgments and decrees." These provisions unquestionably allow parties to contract in writing for the payment of interest, at any rate not exceeding ten per centum per annum, and expressly give the same interest specified in such contracts, upon judgments and decrees founded thereupon, when the interest so stipulated in such contract is more than six per cent. per annum, from the date of the judgment and decree, and imperatively require the rate of interest so given upon such judgments or decrees, to be expressed therein. But it is insisted, that judgments bear no interest at common law; and, therefore, all statutory provisions giving it, must be

construed strictly. This, we think, might be conceded, and yet judgment be given for interest, at the rate specified in the contract, upon the whole sum adjudged or decreed, including both principal debt and damages, according to the express letter, as well as the obvious design, of the law; and this appears to us to be the only mode in which these plain and express provisions of the statute could be literally or strictly enforced. And the argument, that they are designed to enforce a specific execution of the contract, cannot be maintained; because, a judgment or decree, so framed as to enforce only a specific performance of the contract, would necessarily give interest upon the contract, according to the stipulation therein contained, instead of giving it upon the judgment or decree, as the statute expressly requires it to be given; and, in this respect, they would not only not be in conformity to the provisions of the statute, but be directly opposed to them. We are, therefore, clearly of the opinion, that the statute contemplated that the whole sum, both principal and damages, adjudged or decreed to be recovered or paid on such contracts, should bear interest from the date of the judgment or decree, at the rate specified in the contract, and that the same should be so expressed in the judgment or decree.

Judgment affirmed.