## WALKER, AS COM. VS. BYRD ET AL.

A justice of the peace has jurisdiction to render judgment for each installment of interest, as it falls due, or any number of installments not exceeding a hundred dollars, in any one suit for the interest payable semi-annually on a bond due at a future day.

### Appeal from Pulaski Circuit Court.

Hon. WM. H. FEILD, Circuit Judge.

5BB

CURRAN & GALLAGHER, for the appellant, contend, that if the justice of the peace had jurisdiction, the writ of prohibition would not lie, although there was an erroneous proceeding before the magistrate, (*Williams, Ex parte,* 4 *Ark. R.* 539); that an action of debt may be brought before a justice of the peace for the arrearages of interest, not amounting to one hundred dollars, upon a bond payable after the time the suit was brought, but bearing interest from date payable semi-annually in advance. 1 *Ch. Pl.* 125. *Com. Dig.,* DEBT, *A.* 1. *McClel. & Y.* 457. *Sparks vs. Garigues,* 1 *Binn.* 152, cited in 1 *Chit. Pl., p.* 129, (*Marg.*) note 297. *Hories vs. Jamison,* 5 *T. R.* 557. So, an action of covenant would lie in such case. *The State vs. Scoggin,* 5 *Eng.* 327. *Rev. Stat., p.* 640., *sec.* 3. *Act of* 21*st Dec.,* 1846.

PIKE & CUMMINS, for the appellees. Debt would not lie on these installments for interest. It will not lie to recover money due by installments on a bond, until all the days are past. *Reedder vs. Price,* 1 *H. Bla.* 547. *Co. Litt.,* 47 *b.* If a bond be with a penalty, and conditioned for the payment of the installments, debt will lie on failure to pay the first installment. *Hallet vs. Hodges,* *Sayer* 29. *Sparks vs. Garrigues,* 1 *Binn.* 152. *Gladman vs. Hinckman,* 2 *Vern.* 135. 1 *Stra.* 515. 2 *ib.* 957. 3 *Burr.* 1379. It is well settled that debt will not lie for money payable by installments, until all become due, unless the payment be secured by a penalty; but where that is the case, debt may be brought for the penalty. *Fontaine vs. Aresta,* 2 *McLean* 127. *Farnham vs. Hay,* 3 *Black.* 167; 2 *Overt.* 231. 2 *Halst.* 165. *The State vs. Scogin,* 10 *Ark.* 331.

The installments of interest in this case, are not *debts.* They are in the nature of interest upon the principal sum secured by the bond. If not debts, but merely damages, debt will not lie for them. Covenant, in this case, is the only action that will lie; and of that, a justice has no jurisdiction.

*Tucker vs. Randall,* 2 *Mass.* 283. *Greenleaf vs. Kellogg,* *ib.*

568; *Cooley vs. Rise*, 3 *ib.* 221, and *Hastings vs. Niswall*, 8 *ib.* 455, show that assumpsit is maintainable for interest, stipulated to be paid by a promissory note, before the principal falls due. And so may covenant, if the note is under seal; because, it, like assumpsit, sounds in damages: and though debt will lie where indebitatus assumpsit will, yet it does not lie where covenant will.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The appellant, Walker, as successor of Roswell Beebe, brought suit before a justice of the peace, against the appellees and one William J. Byrd, since deceased, to recover certain installments of interest due upon a writing obligatory, of which, the following is a copy:

"STATE OF ARKANSAS, }
COUNTY OF PULASKI.   }

Know all men, by these presents, that we, R. C. Byrd, Wm. J. Byrd, John Robins, and Albert Pike, acknowledge to owe, and be indebted, for value received, to Boswell Beebe, as commissioner for township one north of range twelve west of the fifth principal meridian, in Pulaski county, appointed under the act of the General Assembly of the State of Arkansas, to establish a system of common schools in the State of Arkansas, approved February 3d, 1843, and his successors in office, in the just and full sum of one hundred and seventy-five dollars, good and lawful money of the United States, payable within ten years from the date hereof, with interest on said sum at the rate of eight per cent. per annum, payable semi-annually in advance, to which payments well and truly to be made, we jointly and severally bind ourselves," &c. "Signed and sealed, at Little Rock, the 23d day of December, A. D. 1843," &c.

On the 12th of September, 1851, when the suit was commenced, the justice of the peace, after stating the names of the parties and style of the cause, made the following entry on his docket: "This action is founded on interest due on bond given to Roswell

Beebe, as commissioner of the 16th section, T. 1 N. R. 12 W., by the defendants, Richard C. Byrd, Wm. J. Byrd, John Robins, and Albert Pike, and is brought to recover five years and six months interest on said bond, amounting to the sum of $98 00. Summons made returnable 27th September, 1851. Bond filed before summons issued, and afterwards deposited with the clerk of the county court, for safe keeping." The defendant, Richard C. Byrd, appeared before the justice, and objected to his jurisdiction over the subject matter of the suit. The objection was overruled, and the defendants having been duly served with process, judgment was rendered against all of them for the sum of $98 00, the amount claimed, with cost of suit. The defendants then petitioned the judge of the Pulaski Circuit Court, suggesting the recovery of such judgment against them, and exhibiting a transcript of the proceedings had before the justice, and prayed for a writ of prohibition directed to the justice, prohibiting him from issuing process of execution, or attempting to enforce the judgment, or proceed any further in the premises. The judge of that court granted an order for a rule to issue, requiring the plaintiff to show cause why the writ of prohibition should not be granted in accordance with the suggestion, and that the service of the same upon the plaintiff and the justice should, in the mean time, operate as a stay of proceedings upon the judgment. The final determination of the suit for prohibition, resulted in the decision of the Circuit Court, that the justice of the peace had not, by the constitution and law of the land, any jurisdiction to render such judgment as he had given in the premises, and making the rule for prohibition absolute : from which decision, the commissioner has appealed.

The position contended for by the appellees, is based upon the distinction between the forms of actions at law, affording appropriate remedies for a breach of contract according as it may be in parol or under seal, and according as the recovery sought is of a sum certain or for unliquidated damages. The argument is, that if the contract be by parol, or in writing, not under seal, in-

terest accruing in advance of the principal, would be recoverable before justices of the peace, and they have jurisdiction because assumpsit would lie to recover the interest. But that interest, being a mere incident to the debt, is not itself recoverable as a debt, and when the contract is evidenced by a writing obligatory, covenant is the only action, and there is no concurrent remedy which can be maintained to recover the arrears of interest; whereby, the jurisdiction of justices of the peace is excluded under the decision in *Crabtree vs. Moore*, (2 *Eng.* 72,) which held that the exception contained in the constitution, as originally framed, of actions of covenant from their jurisdiction, applied only to those causes of action where covenant was the peculiar remedy.

It is to be observed that, under the system of pleading and practice adopted for the Circuit Courts, the distinctions between the common law forms of action are retained, while they are disregarded in suits before justices of the peace, the criterion of whose jurisdiction being the amount in controversy, may be understood to have reference to causes rather than to forms of action. But whatever force there may be in the argument, is obviated by the act of December 21st, 1846, passed in pursuance of the 3d amendment to the constitution, which had been ratified by the General Assembly, during the same session, extending the jurisdiction of justices of the peace over all actions of covenant where the amount claimed does not exceed one hundred dollars. This change in the law, consequent upon the amendment, in no wise affected the rights of the obligors, or increased their liability upon the contract in question, though pre-existing. It only provided a different mode of enforcing it before another tribunal, affording a new remedy which the obligee was not only at liberty, but compelled, to pursue.

The statute prescribes a legal rate of interest upon judgments, debts due, and accounts stated; where by the terms of the contract the parties have not agreed upon any rate, and in such case, it might be proper to say that the interest is an incident to the debt; and so, though the interest be stipulated, we continue to

38          CASES IN THE SUPREME COURT

Walker, as com. vs. Byrd et al.          [JANUARY

recover it along with the principal in the shape of damages, the judgment following the stipulation. (*Henry vs. Ward*, 4 *Ark.* 150.) But whenever the parties do stipulate for interest, though according to the legal rate, as well as where it is under or over, it must always be regarded as conventional, entering into and forming a part of the contract itself. *Sumner vs. Ford*, 3 *Ark.* 404.

Where the payment of the principal is postponed, and the contract stipulates for intermediate payments of interest, at stated periods, as the court said in *Inglish vs. Watkins*, (4 *Ark.* 201,) "the legal presumption is, that the parties contemplated its performance, according to the terms stipulated; that is, that the principal debt would be paid at the end of twelve months, and the interest accruing thereon at the end of every three months from the date of the contract." The design of the law establishing a system of common schools, was to make the proceeds, arising from the sale of the 16th section, a fund for their support. The sales were upon extended credits, and the obligation here sued upon was drawn in conformity with the provisions of the statute, so that there must be a clear liability upon the obligors to pay each semi-annual installment of interest as it fell due; and it is equally clear that one jurisdiction or the other must have cognizance of that liability. It may not be technically considered a debt; but it is an obligation to pay, at stated periods, a certain sum of money liquidated and ascertainable by computation according to the terms of the contract, and we think it in harmony with the spirit of the constitutional provision to hold that in such case a justice of the peace has jurisdiction to render judgment for each installment of interest as it falls due; or, as in the case before us, for any number of installments not exceeding a hundred dollars, in one suit: the complaint being founded upon the obligation itself, though properly accompanied with an accurate specification or notice to the defendant of the particular installments, of which payment is demanded.

The intention of the provisions in the constitution, must have been to afford, for the benefit of both plaintiff and defendant, a

cheap, convenient, and expeditious remedy for the recovery of small debts, which neither should be allowed to evade. It would be a flimsy distinction to make the jurisdiction depend upon the mere form of the instrument, without looking to the real effect of the contract, and the object the parties had in view. If the obligors had given so many separate obligations or distinct undertakings in the same instrument, to pay each installment of interest, running through a term of years, it must be admitted that justices of the peace would have jurisdiction. It is not necessary to express any opinion whether interest could, by that mode of contracting, be lawfully compounded; it being sufficient, for the consideration of this case, that installments, like those in question, do not bear interest after they severally become due, though when merged in a judgment, that would bear interest by virtue of the general law applicable to all judgments.

The judgment of the circuit court will be reversed, and the cause remanded, with instructions to sustain the demurrer to the declaration filed by the suggestors, and discharge the rule for prohibition.