CHARLES RICHARDSON & another *vs.* WILLIAM A. SMITH & others.

A notice that one who has been arrested on an execution desires to take the oath for the re-lief of poor debtors, purporting to be signed by a master in chancery, and coming from his custody, is sufficiently proved by its production, in an action upon a recognizance taken under *St.* 1857, c. 141.

Such notice may properly be served on the officer who made the arrest, if neither the cred-itor nor his agent or attorney has a place of residence or business within the county, although such agent may happen to be within the county.

In a return of service by a constable, if no place of service is named, the presumption is, *prima facie,* that it was within his precinct.

A prior notice within seven days before that on which the examination was based, cannot be proved by a copy attested by an officer, if no reason for not producing the original is shown.

CONTRACT on a recognizance taken under *St.* 1857, c. 141, con-cerning imprisonment for debt, with condition that the defendant Smith, who had been arrested on an execution in favor of the plaintiffs, should, within ninety days from the time of his arrest, deliver himself up for examination, giving notice as therein pro-vided, and making no default, and abide the order of the magis-trate thereon.

At the trial in the superior court, a witness called by the de-fendants produced a written paper dated July 8 1859, signed by W. S. Davis as master in chancery, addressed to the plaintiffs, and notifying them that Smith desired to take the oath for the relief of poor debtors at a time and place therein named ; and the witness testified, under objection, that this paper was given to him by Davis, who told him that he signed it, and that it was a notice which he issued to the plaintiffs at the request of Smith. A constable of the town of Westborough had written a return upon this paper, as follows : " Worcester ss. July 9 1859. Neither of the within plaintiffs, or their attorney, being in the county of Worcester, I this day, at 8 o'clock P. M., served the within notice upon D. T. Newton, deputy sheriff, the officer who made the arrest of the defendant on the within named execu-tion, by giving him in hand a true and attested copy of the

within notice." This notice and return were admitted by *Putnam*, J., as sufficient evidence that due notice was given to the plaintiffs of Smith's desire to take the poor debtor's oath, without any further testimony as to the signature of Davis, or as to his official character. The defendants then proved an administration of the oath by Davis to Smith, under this notice.

The plaintiffs then called John M. Way as a witness, who testified that he was appointed by them as their agent to collect their debt against Smith, and that his agency was known to Smith ; that, on the 6th of July 1859, he received by mail, in a letter from the officer who made the arrest, a paper purporting to be a copy attested by the constable of Westborough of a notice signed by W. S. Davis, as master in chancery, addressed to the plaintiffs, signed July 5, and stating that Smith desired to take the oath for the relief of poor debtors on the 8th of July, at the magistrate's office in Worcester; that he accordingly went to Worcester on the day appointed, and found Smith at the magistrate's office, and that Smith soon went out, saying that he would go for his counsel, and would be back in a few minutes, and that the witness remained until after the expiration of the hour named in the notice, but Smith did not return. The plaintiffs then offered to put in the paper so received by their agent, for the purpose of proving another notice given to them within seven days before the notice on which the examination was based; but the evidence was excluded.

The plaintiffs, having introduced evidence that on the 8th ot July their agent was in the county of Worcester, asked the court to rule that, if this fact was established, the service of the notice of that date should have been made on him ; but, as it was conceded that neither of the plaintiffs, nor their agent, had a place of residence or business in that county, the court ruled that the service of the notice was properly made.

A verdict was returned for the defendants, and the plaintiffs alleged exceptions.

*E. M. Bigelow*, for the plaintiffs.

*S. I. Kimball*, for the defendants.

DEWEY, J. The paper issued by W. S. Davis, a master in

chancery for the county of Worcester, and proved to have come from his hands, was sufficiently identified as an original notice, to lay the foundation for the introduction of the evidence of proper service of the same, and the examination and discharge of the debtor by the same magistrate at a subsequent day.

2. The service of the notice of July 8 was a legal service. The conceded facts show that the creditors and their attorney had no residence or place of business in the county of Worcester. The fact that the agent of the creditors happened to be in that county on the day when the service was made upon the officer who made the arrest does not affect the case, such agent having no actual residence or place of business in the county. The return of the service of this notice upon Newton, the officer, by the constable of Westborough, is *prima facie* sufficient. It is to be presumed, in the absence of any proof to the contrary, that the service was made in the town of Westborough, the service being returned as made by a constable of that town, who had jurisdiction to serve process only in Westborough.

3. There was no objection shown to the validity of the discharge under the notice issued on the 8th of July, by reason of a previous notice for the like purpose having been given within seven days preceding. The plaintiff failed to show any such previous notice. The copy received by mail by the plaintiffs' agent from the officer who made the arrest, was properly rejected as incompetent evidence. No reason was shown for not producing the original notice which had been issued, and the return of the officer thereon, which would have been the primary evidence of the facts attempted to be shown.

*Exceptions overruled.*