Ingraham v. McGraw.

---

## EDWARD INGRAHAM v. LEWIS McGRAW.

### *Error from Nemaha County.*

Every legal presumption is in favor of the truth of a sheriff's return.

Where the officer's return on a summons was "served on the within named defendant by leaving a copy  *  *  *  at his usual place of residence in said county," on a motion to set aside the service, it was *held* that it will be presumed that the place where the copy was left was the usual place of residence of the defendant at the time.

*Semble*, actual residence is a compound of fact and intention and both must concur.

66

The return of the officer endorsed on the process was in substance as follows: " Served this writ on the within named defendant by leaving a copy thereof, together with the endorsements thereon, at his usual place of residence in said county." On motion to set aside the service, affidavits made after the return of the officer, were read. These affidavits set forth the place at which the copy of summons was left, and further that the defendant actually resided at another place out of the county. The court below granted the motion. The case comes to this court on exceptions to that order.

*By the Court*, CROZIER, C. J.

It is unnecessary to a disposition of this case, that this court should determine the general question, whether the return of an officer can be contradicted? That question does not arise upon the record.'

Every legal presumption is in favor of the truth of a sheriff's return. The officer in this case having returned that he served the writ by leaving a copy at the defendant's usual place of residence, the place where he left it must be presumed to be the defendant's residence at the time of the service. But his real residence is a collateral fact about which there may be a controversy, without calling in question the truth of the officer's return. A man's " usual place of residence," with reference to a given time, may not be his actual residence the next day ; so that to show that the place where the copy was left was not at the time the defendant's actual residence, is not an attempt to contradict the return of the officer.

A man may for years reside at a particular place, which may be known to the whole neighborhood as his place of residence, yet he might to all intents and purposes, change his residence and his nearest neighbor not know it. The mere fact of absence would not be, of itself, sufficient evidence of it. Residence is a compound of fact and intention. Both must concur.

In the case at bar, considering every statement in the affidavit to be true, it does not appear that the place where the copy of the summons was left was not the residence of the defendant. The return of the officer, for the purposes of the case, established the fact *prima facie*, that that was his usual place of residence, and the affidavit is entirely consistent therewith. The latter only shows the naked fact of his absence, and is entirely silent as to his intention with reference to a change of residence, which was as material a consideration as his physical whereabouts.

We agree with counsel that the law in this respect might be improved, but the legislature is the proper tribunal to which to appeal upon that subject.

The judgment of the District Court will be reversed and the cause sent back with instructions to overrule the motion to set aside the service.

All the justices concurring.