JOHN GILBERT AND J. H. ARTIST, PLAINTIFFS IN ERROR, v. J. J. BROWN & BROTHER, DEFENDANTS IN ERROR.

1.  **Judgment:** JUDICIAL SALE: RES ADJUDICATA. Judgment was rendered against G and A in the county court in 1874, and stay of execution taken. A transcript was afterwards filed in the district court, and an execution issued and sale of real estate had. On a motion to confirm the sale, objection was made that service of summons in the original case was not made by a party authorized to serve process. *Held*, that it will be presumed after judgment that the party serving process had authority to do so.

2.  **Practice:** SERVING PROCESS: CONSTABLE. A constable has no authority to appoint a deputy. But a county judge or justice of the peace may appoint any person specially to serve process issued by him.

3.  ———: ———: OFFICER'S RETURN. Where the return of service of summons of an officer fails to show in what county it was served, it will be presumed that the officer summoned the party in the county for which he was elected.

ERROR to Saline county district court. Heard below before WEAVER, J., upon objections to a confirmation of the sale of certain real estate sold under an execution issued upon a judgment rendered in favor of

NOTE.—Although a summons may be irregularly issued, yet if there be an appearance for any other purpose than to challenge the jurisdiction, the defect will be waived. *Kane v. The People*, 4 Neb., 509. *Cropsey v. Wiggenhorn*, 3 Id., 108. Return of officer cannot be impeached in a collateral proceeding. *Johnson v. Jones*, 2 Neb., 126.—REP.

Brown & Brother and against Gilbert & Artist. Objections overruled and sale confirmed.

*Colby & Hazlett*, for plaintiffs in error.

Plaintiffs had a right to have the whole proceedings inquired into, and the jurisdiction of the court rendering the judgment examined by the district court. *Buckingham & Co. v. Granville Alexandria Society*, 2 Ohio, 361. *Kochler v. Ball*, 2 Kan., 172. The execution and proceedings thereunder should have been set aside, because the transcript of said judgment does not show that the probate court rendering said judgment had jurisdiction of the persons of the defendants, or of the subject matter of the action. Jurisdiction of limited and inferior tribunals cannot be presumed, but must be shown affirmatively, to confer validity on their acts; hence, when the facts necessary to give such a tribunal jurisdiction do not appear upon the face of its proceedings, and are not proved *aliunde*, the whole will be void and may be set aside as a nullity, when called in question in any judgment or collateral controversy. 1 Smith's Leading Cases, 991, and cases there cited. To sustain a personal judgment the court must have jurisdiction of the person and of the subject matter. Where a party has not been brought into court by due service of summons by a proper officer, and does not of himself come in and waive the necessity of service, the court has no jurisdiction over him, and the judgment against him is a nullity. *Gray v. Hawes*, 8 Cal., 569. *Miami Exporting Co. v. Brown*, 6 Ohio, 535. *Reynolds v. Stansbury*, 20 Ohio, 353. *Cutler v. Wadsworth*, 7 Conn., 9.

*J. H. Grimm* and *M. B. C. True*, for defendants in error.

1.   The original summons is not to be found, but the record shows sufficient to warrant the conclusion that a special constable was appointed to serve the summons.  Being specially deputized he is not inappropriately styled in the records deputy constable, for such he is in reality.

2.   By the Constitution, Art. VI., Sec. 16, and the Statute, Gen. Stat., p. 263, Sec. 1, county courts are made courts of record, and have original jurisdiction in all civil cases involving less than $500, with some exceptions.  When the record shows that the case comes within the jurisdiction of the county court the same presumptions attach to its action as attach to actions in courts of more extensive jurisdiction.  *Ex parte Tobias Watkins*, 3 Peters, 205.  *Lyon v. Vanatta*, 35 Iowa, 525.

3.   Unless the judgment in this case is an absolute nullity, it can make no difference in this proceeding whether or not it is technically correct, nor whether or not defendants have waived irregularities of service and proceedings; the judgment cannot be impeached by this proceeding.  The rule is that a voidable, irregular judgment can be attacked only by direct proceedings to set it aside.  *Thompson v. Tolmie*, 2 Peters, 163.  *Moore v. Robinson*, 6 Ohio State, 302.

MAXWELL, CH. J.

In October, 1874, the defendants in error recovered a judgment against the plaintiffs, in the probate court of Saline county, for the sum of $357.40 and costs. Within a short time after the rendition of the judgment a bond for stay of execution was filed in behalf of the plaintiffs in error, signed by two sureties, but not by the plaintiffs.  In March, 1877, an execution was issued on the judgment, and returned unsatisfied.

A transcript of the judgment was thereupon filed in the office of the clerk of the district court, upon which execution was issued and levied upon certain real estate of the plaintiffs in error, which was sold. The plaintiffs in error filed several objections to the sale, which were overruled by the court, and the sale confirmed. They now bring the cause into this court by petition in error.

The principal error relied on is, that the probate court had no jurisdiction of the parties at the time judgment was rendered. This objection, if sustained, would defeat the sale, as it is the duty of a plaintiff, in an action where there is no appearance, to see that the process of the court has been properly served, and that his adversary is in court. *Harshey v. Blackmar,* 20 Iowa, 161. And no valid personal judgment can be rendered by a court without jurisdiction of the person as well as the subject matter.

There is no bill of exceptions accompanying the record. We therefore have no copies of the original papers in the action in the probate court, and must be governed entirely by the transcript of the probate judge in determining the case.

The transcript is as follows:

"J. J. Brown and Bro.
    v.
John Gilbert and J. H. Artist.

"Bill of particulars filed September 25, 1874. Summons issued on the same day, made returnable according to law, and delivered to George D. Greene, deputy constable, for service. September 28, A.D. 1874, summons returned by deputy constable Greene, indorsed served on the within named defendants, on the 25th day of September, 1874. Cause set for hearing at October term of court," etc. At the close of the transcript, in the taxation of costs, we find the following:

Gilbert v. Brown.

" J. W. Greene, deputy sheriff.......................$3.00
" George H. Hastings.....................................2.50 "

A constable has no authority, under the statute, to appoint a deputy, and if the service upon the defendants was made by an unauthorized person it would be void. But county judges, as well as justices of the peace, have authority to depute persons to serve process, and, in the absence of a showing to the contrary, it will be presumed, after judgment, that the person serving the process was lawfully authorized.

It is unnecessary for an officer to certify on his return that service was made in the county in which he is an officer, as such will be the presumption.

A second transcript is attached to the record, seeking to impeach the first; but as it is not a part of the record, nor embodied in a bill of exceptions, it cannot be considered. There is sufficient *prima facie* in the record to show service upon the plaintiffs in error, and as they appeared and filed a bond for stay of execution, the objections made nearly five years after the rendition of the judgment must not be predicated on mere possibility, but it must clearly appear that the court had no jurisdiction. This not being the case, the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.