Filed May 23, 1892.

No. 15,843.

## THE BALTIMORE AND OHIO RAILROAD COMPANY *v.* BRANT.

JURISDICTION.—*Justice of the Peace.—Killing of Stock.—Railroad.—Summons.
—Service.*—In an action before a justice of the peace against a railroad company to recover damages for the killing of stock, it is not essential in order to confer jurisdiction upon the justice that the return of the constable (the writ having been served upon a conductor of the company) shall show that he made the service within his own county. Where the person or individual served resides within the county, or, like conductors of railways, are constantly passing through it, the presumption will be entertained, in the absence of a showing to the contrary, that the officer did not depart from the limits of his jurisdiction.

From the Kosciusko Circuit Court.

*J. H. Collins*, for appellant.

*I. H. Hall* and *S. J. North*, for appellee.

MILLER, J.—The appellant brought this action to enjoin the collection of a judgment rendered by a justice of the peace, in favor of the appellee and against the appellant, in an action for killing stock.

The complaint charges that on the 13th day of November, 1889, the defendant filed a complaint with a justice of the peace in Kosciusko county, and caused a summons against the company to issue to a constable of the township, returnable on the 29th day of the month. On the return day of the writ the constable returned the summons with the following endorsement :

" Served the within writ on June Moore, a conductor on the defendant, the Baltimore and Ohio Railroad Company, and then in the employ of said company as a conductor, by reading to him the within writ, and in his presence and hearing, and delivering to him a certified copy of the within writ, November 13th, 1890."

That there was no other or further return on said writ, and there was no other or further service in said suit before said justice of the peace than that shown by the above return.

The complaint shows that the cause was submitted by the plaintiff in that action to the court for trial, upon a default of the company, and a judgment rendered for the value of the stock. The complaint asserts that this judgment was rendered by the justice without any jurisdiction whatever over either the cause of action or person of the defendant, but that the plaintiff in that action was about to, and would, unless enjoined, proceed to enforce the collection of the same by execution.

A demurrer, filed by the appellee, was sustained to this complaint, and this ruling is assigned as error in this court.

Section 4026, R. S. 1881, gives justices of the peace jurisdiction to hear and determine certain actions where animals have been killed or injured by the locomotives or cars of a railroad, and provides for the service of a summons by copy on any conductor of any train passing into or through the county.

In our opinion the court was not in error in sustaining the demurrer to the complaint.

The return made by the constable was quite as full and specific as that sustained in the case of *Cincinnati, etc., R. R. Co.* v. *McDougall*, 108 Ind. 179.

We know, judicially, that the appellant's road passes into and through Kosciusko county, and do not deem it essential to the return of an officer that it should show that he made the service within his own county. Where the person or individual served resides within his county, or, like conductors

of railways, are constantly passing through it, the presumption will be entertained that the officer did not depart from the limits of his jurisdiction.

The appellant does not assert in the complaint that the service was not, in fact, upon a conductor of appellant's road running into or through the county, nor that the judgment against the company was not just.

We find no merit in this appeal.

Judgment affirmed.

Filed May 23, 1892.