# CHARLESTON.

### COLBORN *v.* BOOTH *et al.*

Submitted June 18, 1895—Decided Nov. 29, 1895.

1. JUSTICE OF THE PEACE—SUMMONS—COMMENCEMENT OF ACTION.
   In issuing a summons to commence an action for the recovery of money, in order that the suit may be considered commenced or pending, the justice who issues such summons must sign it.

2 JUSTICE OF THE PEACE—ATTACHMENT—AFFIDAVIT.
   An attachment may be sued out before a justice, if the plaintiff files his affidavit at the commencement of his action, or at some time during its pendency.

3. JURISDICTION OF JUSTICE—SUMMONS—ATTACHMENT.
   In order that jurisdiction may be conferred upon such justice, the summons must be properly issued and served upon the defendants, or an attachment properly issued must be levied upon the property of the defendants in such case.

ARMSTRONG & DENT for plaintiffs in error, cited Code, c. 50, ss. 19, 20, 26, 59, 60, 193, 202; 12 Am. & Eng. Enc. Law, 431, 432; 27 W. Va. 211, 244; 33 W. Va. 84; 2 H. & M. 308; 37 W. Va. 847; 36 W. Va. 22.

J. G. ST. CLAIR for defendants in error.

ENGLISH, JUDGE:

On the 20th day of March, 1893, W. E. Colborn, brought an action before T. M. Demoss, a justice of the peace of Taylor county, for the recovery of money claimed to be due on contract from William Booth, W. T. Giles, and Joseph Keim, trading and doing business under the firm name of Booth, Giles & Keim. William T. Giles was a resident of Taylor county, and said Booth and Keim non-residents of the state. Summons was served on the resi-

dent member of said firm, and the plaintiff sought to get jurisdiction of the non resident members by attaching their undivided interests in the firm's property. The death of W. T. Giles, the resident defendant, was suggested, and the suit allowed to abate as to him. The transcript of the justice shows that a second summons was issued for Booth and Keim, which was executed March 25th, 1893. No motion appears to have been made to quash the attachment before the justice. Execution was issued on May 15, 1893, and the said Booth and Keim, by their attorney, moved the justice to quash the execution therein issued as aforesaid: (1) Because the original summons was not signed by the justice (which is the truth). But the justice claimed that he had a right to sign the name at that time, and did so, claiming the failure to sign it was an oversight. (2) Because the justice waited more than one hour after the hour for return for the plaintiff, over the protest of the defendant. The justice, not being satisfied said hour had arrived, overruled this motion. The motion to quash said execution was overruled by the justice; and the defendants Booth and Keim applied for and obtained an appeal to the circuit court.

It is assigned as error that the justice failed to sign the summons issued by him against the defendants, and for that reason he had no jurisdiction, and there was no suit pending before him. There was no appearance before the justice, but for the purpose of moving to quash the execution. The statute contemplates that the attachment sued out before a justice should be so sued out in a pending suit. It is provided in section 193, chapter 50, of the Code, that "if the plaintiff at the commencement of his action or at any time during its pendency, and before judgment, show to the satisfaction of the justice by his own affidavit, * * * such justice, having jurisdiction of the action, may, subject to the provisions contained in the following section, issue an order of attachment," *etc.* Did the justice in this case have jurisdiction of the action before he had issued a proper summons signed by him in his official character? We find the law on this point stated in 12 Am. & Eng. Enc. Law, 431, under the head "Justice of the Peace, Is-

suance of Summons": "Actions are commenced before
justices by summons, or by appearance and agreement of
the parties. In the former the action is deemed com-
menced upon the delivery of the writ to the constable to
be served, and he must note upon it the time of receiving
it. In the latter case the action is deemed commenced at
the time of docketing the case. The summons must be
dated the day it is issued, signed by the justice issuing it,
directed to a constable of the proper township," *etc.*

Hutchinson, in his West Virginia Treatise, at page 25,
speaking of the summons, says, "It must be dated the day
it is issued, signed by the justice, directed to the constable
of the proper county, or to the person specially deputed to
serve the same." Under the head of "Summons," in 24
Am. & Eng. Enc. Law, at page 519, par. 8, the author says:
"Except in jurisdictions where the law has been changed
in this regard by statute, it is necessary that a summons
bear the signature of the clerk of the court from which it
issues; or, if it issues from a court of a justice of the peace,
it should bear the signature of the justice." Our Code
(chapter 50, s. 19) provides that: "Actions before jus-
tices are commenced by summons, or by the appearance
and agreement of the parties without summons, and not
otherwise." We have seen, from the authorities above
cited, that one of the requisites of the summons is the sig-
nature of the justice. In the case we are considering the
parties against whom judgment was rendered were non-
residents, and they did not appear before the justice, or
make any agreement such as would confer jurisdiction.

The plaintiff in this case sought to confer jurisdiction
upon the justice by attempting to sue out an attachment
against the defendants Booth and Keim on the ground that
they were non-residents of the state. This could be done,
however, under the statute, only in a pending suit; in the
language of the statute, "at the commencement of his ac-
tion, or at any time during its pendency," if the plaintiff
"show to the satisfaction of the justice by his own affida-
vit, * * * such justice having jurisdiction of the action
may * * * issue an order of attachment against the
personal property and the claims of such defendant." Was

this suit commenced, or was it pending, at the time the affidavit was made for the attachment? While it is true the affidavit and order of attachment bear the same date as the summons, yet it is conceded that the summons was issued without being signed by the justice; the summons bearing date on the 20th day of March, 1893, and the judgment was rendered on the 29th day of April, 1893. On the 29th day of May the justice amended his summons by affixing his signature thereto at the time a motion was made to quash the execution. At the time said order of attachment was sued out against the defendants as non-residents, there was no suit pending against them. In order to obtain jurisdiction, there must have been service of process upon the defendant, or attachment properly sued out must have been levied upon their property. If the process had been served, a personal judgment might have been taken. If the proceeding was by way of attachment, an order might have been made directing a sale of the attached property, or an execution may be issued, which may be levied upon the property, subject to the attachment, but not on any other. See *Cooper* v. *Reynolds*, 10 Wall. 309, 318.

In this case, however, it appears that no summons was served upon the defendants; that the attachment was not sued out in a pending suit, or at its commencement, and therefore no attachment was properly sued out and levied upon the property of the defendants. And for these reasons the court had neither jurisdiction of the persons of the defendants nor their property.

My conclusion is that the court erred in refusing to quash the execution issued in the case, and directing the sale of the property attached. The case was appealed to the circuit court, as above stated, and a motion was there made to quash said execution, which motion was overruled and the appeal dismissed, and the defendants obtained this writ of error.

For the reasons above stated the judgment complained of is reversed, with costs.