## W. W. CHURCHILL v. LETHA A. CHURCHILL.

No. 5490. Decided April 30, 1930.
(26 S. W., 2d Series, 1054.)

*Hill & Harvey,* for appellant.

Your Honors will notice the change that was made by the 1925 revision in old article 4633 (now art. 4632). The old article reads that "the decree of the court shall be rendered upon full and satisfactory evidence, upon the verdict of a jury, if a jury shall have been demanded by either party, and if not, upon the judgment of the court affirming the material facts alleged in the petition."

Art. 4632 now reads: "but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. Either party may demand a jury." Smith v. Smith, 218 S. W., 604; Daniel v. Daniel, 16 S. W., 2d Series, 304.

The "judgment" of the court means what the court writes into the minutes to evidence the final disposition of the case. We most earnestly contend that when the legislature requires this "judgment" to affirm certain material facts, does not mean that the evidence must satisfy the trial judge that the party is entitled to the relief prayed for, but requires him to enter of record a finding in some form affirmatively showing that the material facts on which the action was predicated were proved.

*W. P. Hamblen* and *Fowler & Conn,* for appellee, on motion for rehearing in the Court of Civil Appeals.

The proper construction to be placed on the statute above named is that the trial court is to satisfy himself that the material allegations contained in plaintiff's petition were true, and that it was not necessary that same be specifically recited in the judgment. Black on Judgments, 161, 441; Hamilton v. Ward, 4 Texas, 356; McKenzie v. Imperial Irr. Co., 166 S. W., 496; Cook v. Hancock, 20 Texas, 2; Sherley v. Sherley, 237 S. W., 645; Patrick v. Gibbs, 17 Texas, 275; McCrary v. McCrary, 230 S. W., 187; Moore v. Moore, 22 Texas, 237; Searcy v. Grant, 90 Texas, 97.

We earnestly submit that the fact that the trial court entered a judgment granting a divorce upon the finding of the Jury shows that, in the opinion of the trial court, such finding was based upon

evidence full and satisfactory, and it should certainly be presumed that the act of the Court in entering judgment granting a divorce was and is a clear indication that the trial court was of the opinion· that the evidence introduced was so full and satisfactory that the finding of the Jury was amply supported and that it followed as a matter of law that from such finding the divorce should be granted.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the First Supreme Judicial District has submitted the following certificate containing certified questions:

"This is a suit for divorce brought by appellee against the appellant.

"The trial in the court below with a jury resulted in a verdict and judgment for appellee granting her a divorce from the bonds of matrimony theretofore existing between her and appellant, and settling the property rights of the parties.

"The divorce was sought on the ground of cruel treatment, and the petition alleges a number of specific acts of defendant, consisting of drunkenness, threats, and assaults upon plaintiff, and violent and abusive language to and concerning plaintiff and members of her family, which, if true, would render her continued living with defendant insupportable.

"The only question submitted to the jury affecting plaintiff's right to divorce was as follows: 'Has the defendant been guilty of such excesses, cruel treatment, or outrages toward the plaintiff as to render their living together insupportable?' In response to this question the jury answered: 'He has.'

"The jury further found in favor of plaintiff upon the issues presented as to property rights of the parties.

"Upon return of the verdict the court rendered the following judgment:

" 'Said verdict and answers of the jury were received and accepted by the Court and the jury ordered discharged, and it appearing to the Court that plaintiff is entitled to recover of and from defendant judgment for her divorce and for all of the property claimed by her as her separate property, upon the verdict of the jury, now therefore,

" 'It is ordered, adjudged and decreed by the Court, that the bonds of matrimony heretofore existing between plaintiff, Letha A. Churchill, and W. W. Churchill, defendant, be and the same are

hereby annulled, cancelled and forever dissolved, and plaintiff is hereby divorced from said defendant.'

"The judgment further settles and determines the property rights of the parties in accordance with the verdict of the jury.

"There is no specific finding by the jury, nor by the court, that the material facts alleged in plaintiff's petition, or any of them, are true.

"There is no statement of facts accompanying the record, and no findings of fact by the trial court.

"No exception was taken to the judgment in the court below on the ground that it failed to affirm or recite that the material facts alleged in the petition were established by the evidence, and the assignment making that objection is presented for the first time in this court as pointing out fundamental error apparent upon the face of the record.

"Upon this statement of the record, because of an apparent conflict in the decisions on the questions presented, and the fact that our jurisdiction in this case is made final by the statute, we deem it advisable to certify for your determination the following questions:

"First: Is the judgment subject to the objection before stated?

"Second: If this question is answered in the affirmative, then can such objection be made originally in this court?"

Article 4632 of the statutes requires that every decree for divorce "shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition." Evidently this does not mean that the court is not authorized, in any event, to render a valid judgment for divorce unless the judgment entry expressly declare an affirmance by the court of the material facts alleged in the petition. The statute does not say that such a declaration shall be expressed in the judgment. The very act of the court in rendering such a judgment implies an affirmance of those facts by the court, unless there be language contained in the judgment which clearly and necessarily excludes this implication. The judgment in the instant case contains no such language. On the contrary, there is a recital to the effect that it appeared to the court that the plaintiff was entitled to a judgment for divorce "upon the verdict of the jury." This could not have properly appeared to the court if the material facts alleged in the petition had not been proved to the satisfaction of the court. Moore v. Moore, 22 Texas, 237; Haygood v. Haygood, 25 Texas, 577.

We recommend that the first certified question be answered in the negative. This renders an answer to the second question unnecessary.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.