W. H. PETTRY *v.* A. A. SHINN, *Justice, etc., et al.*

(No. 8737)

Submitted March 2, 1938. Decided March 29, 1938.

*H. D. Rollins,* for petitioner.
*M. C. Archer,* for respondents.

HATCHER, JUDGE:

Petitioner, W. H. Pettry, seeks to prohibit the judgment of a justice against him on the ground that he was not served with summons, and did not appear.

Summons was allegedly served by M. L. Ice, a private person, who made affidavit that he did so. He had not been appointed a special constable. He testified in this proceeding that the summons was left by the constable with him for service; that he informed Pettry there was a paper (the summons) for him in the pocket of a shirt hanging nearby, and that Pettry himself got the paper. Pettry testified that while Ice did refer him to a paper in the shirt pocket, he did not get it. He is corroborated by two other witnesses.

The constable had no power, statutory or otherwise, to designate a process server. See generally, *Gilbert* v. *Brown,* 9 Neb. 90, 2 N. W. 376. Respondent contends that Ice had authority as an alleged *credible person* to make the service under Code, 56-3-11. Whether the provision therein, authorizing service by such person, related to the process of a justice was raised before this court in 1889, but not decided. *Johnson* v. *McCoy,* 32 W. Va. 552, 9 S. E. 887. If the question has arisen since, we are not so advised. The provision had its inception in Acts 1865, chapter 19, which follows: "The process to commence a suit at law or in chancery, including writs of scire facias, mandamus, prohibition, and the alias or other process where the original is not returned executed, may be served by any credible person, as well as by the officer to whom it is directed; and the return of such person, verified by his affidavit shall be evidence of the manner and time of service." This statute was incorporated in chapter 124, section 2 of Code of 1868. That section treats of process from a "court whether original, mesne or final" directed to "the sheriff of any county" and returnable "to the court on the first day of a term or in the clerk's office." The provisions of that section, without material change, are continued in our present Code, 56-3-5, and 11. The phrases of the statute clearly relate the process which a credible person might execute to that of a court of record, attended by a sheriff and a clerk.

Furthermore, Acts of 1863, chapter 122, sections 36,

38 and 39 provided that the summons of a justice should be directed to the constable, "unless a person be specially deputed by the justice to serve it, in which case it shall be directed to such person in name;" and that the justice. deeming it proper, might appoint a special constable to serve a process, but should note the appointment on the docket and should be liable on his official bond for the acts of the appointee. There has been no material change in these provisions, except to limit the appointment of a special constable to cases where a duly elected constable was not available. The provisions are incorporated in our present Code, 50-1-14 and 15, and 50-3-3. The last of these sections still provides for process to be directed to a constable or to a person specially deputed by the justice to serve the same, "unless otherwise specially provided." Chapter 50 contains no other special provision. The above sections both prescribe and circumscribe this procedure in actions before justices. Service by a credible person, as such, is not included. So we are of opinion that the alleged service of Ice, even if uncontroverted, would be unauthorized.

Lawful service of process is essential to jurisdiction. *Colborn* v. *Booth*, 41 W. Va. 289, 23 S. E. 556; *Lynch* v. *West*, 63 W. Va. 571, 60 S. E. 606; *Brown, Jurisdiction*, sec. 41. Such service can be made only by a person designated by the statute. 35 C. J., Justices of the Peace, sec. 157; Brown, *supra*. "Service of process by one not authorized to serve it is a nullity, and confers no jurisdiction." Works, Courts And Their Jurisdiction, sec. 37, p. 252. Accord: 15 C. J., Courts, sec. 96. A judgment rendered by a court without jurisdiction is void. *Roberts* v. *Hickory Camp Coal & Coke Co.*, 58 W. Va. 276, 52 S. E. 182; 33 C. J., Judgments, sec. 34.

The writ is issued.

*Writ issued.*