## DICKINSON v. DICKINSON.

### No. 2521.

Court of Civil Appeals of Texas. Waco.

June 3, 1943.

Rehearing Denied July 30, 1943.

Bowlen Bond, of Fairfield, and L. W. Shepperd, of Groesbeck, for appellant.

Geppert, Geppert & Victery, of Teague, for appellee.

TIREY, Justice.

This is an action by Julia Allene Dickinson against her husband, Jack Mason Dickinson, for a divorce and custody of their eleven months old daughter. In a trial before the court without a jury and without the appearance of defendant, the court granted the divorce and awarded the care and custody of the daughter to plaintiff and decreed that the defendant pay into the registry of the court the sum of $25 per month for the support of said child. Defendant has appealed by writ of error.

Point 2 is: "The return on the citation issued to appellant was insufficient to authorize a default judgment." It is true that defendant did not appear on the trial of this case, but judgment by default was not rendered against him. Article 4632, Revised Civil Statutes. The decree in part recited: "This day this cause coming on regularly for trial, came the plaintiff by her attorney, and announced ready, and the defendant having been duly and legally served with process as required by law, came not nor answered herein, but wholly made default, and whereupon, a jury being waived, the court, after hearing the

pleadings, the evidence and argument of counsel, and duly considering the same, is of the opinion and so finds, that the material allegations in plaintiff's petition contained are true, and that the relief prayed for therein ought to be granted." Churchill v. Churchill, 119 Tex. 224, 26 S.W.2d 1054. The original citation and sheriff's return thereon appear among the papers in this cause. The return was made on a printed form and the pertinent parts are:

"Came to hand on the 9th day of January, 1942, at 8:37 o'clock A. M., and executed in ——— County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date | Time | Place, Course & Distance from Courthouse | Mileage |
|------|------|------|------------------------------------------|---------|
| Jack Mason Dickinson | 1/9/42 | 4: P. M. | 739 East 12th | 6 |

* * *

"I actually and necessarily traveled 6 miles in the service of this Citation * * *.

"Norfleet Hill { Sheriff
{ Constable
"Harris County, Texas.
"By Jno. H. Dawn    Deputy."

■ Appellant insists that the return on the citation issued to appellant was insufficient to authorize the court to enter judgment against him inasmuch as he made no appearance. This question has given us much concern. The citation was issued in accordance with Rule 101, Texas Rules of Civil Procedure. Plaintiff's petition alleged that the residence of the defendant was in Harris County, and therefore citation could be served by the sheriff or any constable of Harris county, if defendant could be found in such county. Rule 103, Texas Rules of Civil Procedure.

Rule 16 of the Texas Rules of Civil Procedure, in part, provides: "Every officer shall indorse on all process and precepts coming to his hand the day and hour on which he received them, the manner in which he executed them, and the time and place the process was served as well as the distance actually traveled in serving such process, and shall sign the returns officially." The source of this rule is Article 6875, Revised Civil Statutes, Acts 1903, which article was an amendment

of section 14 of an act defining the office and duties of sheriff, passed in 1846; section 14 being in part as follows: " * * * that every sheriff and deputy sheriff shall indorse on all process and precepts coming into their hands, the day on which they received them, the manner in which they executed them, the day when they executed them, and shall sign their returns officially." Gammel's Laws of Texas, Vol. 2, page 1571. The pertinent part of the amendment to section 14, as aforesaid, as shown in Art. 6875, R.C.S., is: "Every sheriff * * * shall indorse on all process and precepts coming to their hands * * * and state at what time and place the process was served * * *."

Rule 107, Texas Rules of Civil Procedure, in part, provides: "The return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served, and the manner of service, and shall certify that a true copy of the citation with the accompanying copy of the petition was delivered to the defendant, and be signed by him officially * * *."

We think the foregoing factual situation and Rules 16 and 107, supra, present two questions: (1) Does the return show that it was executed in Harris county, or does such presumption obtain until the contrary is made to appear; and (2) if not, is the return in compliance with the new rules and therefore sufficient to give the court jurisdiction of the defendant?

The opinion in the case of Hays v. Byrd, 14 Tex.Civ.App. 24, 36 S.W. 777, 778, was written in 1896 and therefore before the amendment evidenced by Article 6875, supra. In the above case the court said, in part: "The petition averred that the defendants were all residents of San Jacinto county, and prayed for the necessary process to cite them to answer the petition * * *" and further "in reply to the objection that it does not appear from the return that the writ was executed in San Jacinto county it is sufficient to say that the statute does not require that the return shall show 'where' the service was made. The law presumes, until the contrary appears, that its officers know their powers

and duties, and hence there is no requirement of the statute that the officer executing the writ of citation shall show by his return that the writ was executed in his county." At the time this decision was rendered, Article 2034, Revised Civil Statutes, was in force and effect, which statute is substantially embodied in Rule 107. It is clear that prior to the amendment, shown by Art. 6875, supra, it was not necessary that the return show where the service was made, and such is the exact holding in Hays v. Byrd, supra. This case has been cited many times as controlling, but none of the recent decisions have taken into account the amendment shown by Art. 6875, supra. See 33 Tex. Jur., sec. 66. See, also, 17 Tex. Jur. 277, sec. 76; Alexander v. Houghton, 86 Tex. 702, 26 S.W. 937. The most recent case is Smith v. Friona State Bank, Tex. Civ.App., 28 S.W.2d 199, point 3 (reversed on other grounds).

■ We think the return in question shows that it was served by Norfleet Hill, Sheriff of Harris County, acting by and through his deputy, Jno. H. Dawn. Is such factual situation sufficient to authorize the trial court to presume, until the contrary appears, that the citation in question was served on appellant in Harris County? We think the weight of authority is that it does. See Hays v. Byrd, supra; Knowles v. Logansport Gaslight & Coke Co., Ind., 86 U.S. 58, 19 Wall, 58, 61, 22 L.Ed. 70. In the last cited case the Supreme Court of the United States said in part: " * * * the case in Cass County, now under consideration, was in a State court; and it is familiar law that a court of general jurisdiction will presume to have had jurisdiction of the cause and the parties until the contrary appears. In our judgment, therefore, the return, on its face, shows no ground of error. It will be presumed that the service was made in the proper county." To the same effect are Henry v. Ward, 4 Ark. 150, 4 Pike 150; Crane v. Brannan, 3 Cal. 192; President, etc., of Ohio & M. R. Co. v. Quier, 16 Ind. 440; Baltimore & O. R. Co. v. Brant, 132 Ind. 37, 31 N.E. 464; Ingraham v. McGraw, 3 Kan. 521; Richardson v. Smith, 83 Mass. 541, 1 Allen 541; Gilbert v. Brown, 9 Neb. 90, 2 N.W. 376; Collation in the Century Digest under Process sec. 195 and in the Decennial Digest and continuations under Process, ■

Four important reasons impel us to the foregoing view: (1) No statement of facts accompanies the record, and there is no way for us to know the nature of the proof introduced. (2) The presumption obtains, until the contrary appears, that the citation was served on appellant in Harris County; and there is nothing in the record that tends to negative such presumption. (3) If appellant was actually served with citation outside of Harris County, the county in which his residence was alleged to be, he could have availed himself of such defective service. Appellant makes no contention that he was not served in Harris County. (4) The new rules were adopted with full knowledge of the interpretation that had been placed by our courts on this exact factual situation.

Finally, Rule 1, Texas Rules of Civil Procedure, provides for a liberal construction. Rule 107 deals specifically with returns on citations, and if it is mandatory that the "place" be shown in the return, we think the rule ought to be amended so that there can be no confusion about this simple matter of procedure.

■ Point 1, as to defective allegations, is without merit under the authority of Gamblin v. Gamblin, 52 Tex.Civ.App. 479, 114 S.W. 408 (also Needles v. Needles, Tex. Civ.App., 54 S.W. 1070, and Owens v. Owens, 40 Tex.Civ.App. 641, 90 S.W. 664), and Article 4631, Revised Civil Statutes. Point 3, namely, that the judgment is erroneous because the same makes no provision for the right of visitation by appellant, is without merit under Hays v. Hays, Tex. Civ.App., 123 S.W.2d 968. As to custody and control, see Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506, points 5–7, at page 509; Dickson v. McLaughlan, Tex.Civ.App., 69 S.W.2d 209; Plummer v. Plummer, Tex. Civ.App., 154 S.W. 597; Berner v. Berner, Tex.Civ.App., 146 S.W.2d 1017.

The judgment of the trial court is affirmed.