## BETSEY J. SULLIVAN *vs.* CHARLES J. ADAMS.

In *St.* 1855, *c.* 215, § 32, which enacts that every person convicted under that statute, "by any police court or justice of the peace, may appeal from the sentence to the court of common pleas or municipal court," the provision that "such appellant shall be com mitted to abide the sentence of the said justice or court," (being the court appealed from, and not the court appealed to,) is repugnant, unconstitutional and void.

A statute which expressly repeals all acts inconsistent with its provisions has no effect on acts inconsistent only with a void clause in the repealing statute.

HABEAS CORPUS, issued by the chief justice, on the 13th of June 1855, on the petition of Betsey J. Sullivan, representing that she was imprisoned in the jail at Cambridge, of which the respondent was keeper, under a mittimus issued by the police court of Cambridge, upon a conviction and sentence of the petitioner for an unlawful sale of intoxicating liquors, in violation of *St.* 1855, *c.* 215, § 15, from which conviction and sentence she had appealed to the next court of common pleas. The reason, stated in the mittimus, for her commitment, was her failure to recognize to appear at the court appealed to and prosecute her appeal and abide the sentence of the court thereon.

Upon the return of the writ, the case was argued by *B. Dean & E. Ripley*, for the petitioner, and *J. H. Clifford*, (Attorney General,) *& C. R. Train*, (District Attorney,) for the Commonwealth, before the chief justice, who, after consulting the other judges, delivered the following opinion :

SHAW, C. J. The prisoner was convicted under § 15 of the new liquor law, for selling without license ; and from the sen tence of the police court she appealed. She was then ordered to recognize to prosecute her appeal to the next court of common pleas, and abide the final sentence of that court. She is brought here on a writ of habeas corpus, on the ground that, by § 32 of the same statute, she should have been committed differently, namely, to abide the sentence of the court appealed from.

This is a penal statute, and must be construed strictly. We cannot know what the legislature meant, except so far as we as certain it from the language of the statute itself. The provision

is thus : " Every person convicted of any offence under this act, by any police court or justice of the peace, may appeal from the sentence to the court of common pleas, or to the municipal court, then next to be holden in the same county ; and such appellant shall be committed to abide the sentence of the said justice or court, until he shall recognize to the Commonwealth in the sum of not less than one hundred dollars, with two good and sufficient sureties, with condition to appear at the court appealed to, and there to prosecute his appeal, and to abide the sentence of the court thereon, and in the mean time to keep the peace and be of good behavior."

By the first clause of this section, a right to appeal is given, in clear and distinct terms ; and this is necessary, in order to satisfy the twelfth article of the Declaration of Rights, which secures to every one, charged with a crime, the right of trial by jury. Justices of the peace and police courts do not furnish a jury, by whom a trial can be had. But it has always been held, that if there is an unobstructed and unclogged right of appeal to a court in which such trial can be obtained, that article of the Declaration of Rights is not infringed upon. This right of appeal is plainly given by the first part of § 32. But it is urged that it is trammelled and clogged by the latter clause of the section, and that the appeal does not take effect, as such, until the sureties required by the same clause are furnished ; and the difficulty arises upon the construction of that clause.

It provides that the appellant shall be committed to abide the sentence of " said justice or court." If the words " justice or " had been left out, there would be no trouble, and the word " court " might be construed to mean the court appealed to. But we cannot thus strike out those words ; we think it plainly refers to the court appealed from. Now it is argued that it was the intention of the legislature, that the party committed should be committed to abide the sentence of the court appealed from, in order that, until giving bonds, he may be working out the sentence of the court, and at all times have a choice either to work out the sentence or to find sureties ; and that the portion of the sentence thus worked out should not be undergone again : but

Sullivan *v.* Adams.

we think that when an appeal is granted, it means that there shall be a full trial in the court appealed to, *de novo*, and thus the object of giving the appeal will be accomplished.

It was contended, that if the last clause of § 32 was stricken out as insensible and void, there would be no provision for holding the appellant, and in that case the party must go at large, and the remedy would be, when the appeal was entered by the Commonwealth, to bring the appellant in by capias for sentence; but this would involve the inconsistency, that a person would be at the same time suffering imprisonment in satisfaction of a judgment, which had been vacated by an appeal, and could only be enforced after a trial by jury. We cannot presume that this was the intention of the legislature.

But there is another ground, that is perfectly consistent with the statute and the ordinary rules of construction. We admit to their full extent the arguments of the petitioner's counsel, that the last clause of this section is wholly repugnant, inconsistent, unconstitutional and void. The question then arises, what is to be the result? If void, the statute is to be construed as if this clause were not there; and although it is contended that all other laws for the commitment of appellants are repealed by the last section of the new liquor law, we think that argument cannot be sustained, for the reason that the clause, being entirely void, has no force, not even to repeal previous statutes inconsistent with its provisions.

This leaves the Rev. Sts. *c.* 138, § 1, in full force, and the commitment, being in accordance with that section, is valid, though 't would be wholly unsupported by § 32 of *St.* 1855, *c.* 215.

*Prisoner remanded.*