# CHARLESTON

## VETOCK v. HUFFORD, JUSTICE, ETC.

Submitted September 2, 1914.   Decided September 22, 1914.

1. CONSTITUTIONAL LAW—*Criminal Law—Equal Protection—Justices of the Peace.*

   Section 230, chapter 50, Code, serial section 2785, Code 1913, properly construed is not violative of the "equal protection" provisions of section 1 of the fourteenth amendment to the federal constitution.   (p. 786).

2. JURY—*Right to Jury Trial—Appeal from Justice's Court—Validity of Statute.*

   Said section properly construed gives the accused absolute and unconditional right of appeal from the judgment of the justice, as a means of preserving to him on such appeal trial by a jury of twelve persons according to the course of the common law; his right to be discharged from custody pending such appeal, however, to be

conditioned upon his entering into a recognizance, with surety, and conditioned as required by said section. (p. 787).

Original mandamus by John Vetock against A. C. Hufford, Justice of the Peace.

*Peremptory writ awarded.*

*Joseph M. Crockett* and *M. O. Litz,* for petitioner.

*F. C. Cook,* for respondent.

MILLER, PRESIDENT:

Mandamus is sought commanding defendant, a justice of the peace, to grant petitioner an appeal, from his sentence and judgment against him, to the criminal court of McDowell County, and to forthwith transmit to the clerk's office of that court all the papers necessary to the perfecting of such appeal.

The record shows that petitioner, on a warrant charging him with having carried about his person a deadly weapon, to-wit, a pistol, was found guilty by the justice and sentenced to work on the public road for a period of twelve months, and to pay a fine of two hundred dollars and costs, in all amounting to two hundred and five dollars and seventy cents.

The writ and the return show that an appeal was denied petitioner on the sole ground that he could not furnish a recognizance in the penalty of five hundred dollars, conditioned for his personal appearance before the judge of the criminal court at the next term thereof.

The petitioner still acknowledging and averring his financial inability to furnish the recognizance required, nevertheless, affirms his constitutional right to be awarded an appeal, unfettered or unobstructed by the provisions of section 230, chapter 50, of the Code, serial section 2785, Code 1913, which in terms conditions such appeal on appellant "entering into a recognizance before the justice, with surety deemed sufficient to appear before the said court on the first day of the next term thereof." The provision of the Constitution invoked is section 28, Article 8, of the State Constitution, and the "equal protection" provision of section 1 of the Fourteenth Amendment of the federal Constitution.

We may say at once in our opinion there is no merit in

the position of counsel for petitioner based on the federal Constitution. If the state statute otherwise is valid when properly construed, equal protection under it is afforded to all persons falling under its provisions.

But petitioner's right of appeal given by said section 28, Article 8, of the Constitution, providing that, ''Appeals shall be allowed from judgments of justices of the peace in such manner as may be prescribed by law'', involving, as it does, his right given by section 10, Article 3, of the Constitution, to a trial by jury, and his liberty and property, presents a more serious and difficult question. The Constitution says such appeal shall be allowed ''in such manner as may be prescribed by law.'' The law passed pursuant thereto, it is claimed, properly construed, conditions that right on his giving the recognizance provided, and to deny the right except upon that condition. To so construe the statute, however, would, in the petitioner's case, deny him the right to the ''judgment of his peers'', guaranteed him by section 10, of Article 3, of the Constitution, unless he is protected in that right in some other way.

It may be said that section 226, of chapter 50, of the Code, serial section 2780, Code 1913, providing for trials by juries before justices, preserves to persons accused of crime their constitutional rights, and that as petitioner made no demand for a jury he must be treated as having waived that right, and as having been denied no right to which he is entitled under the Constitution.

We decided in *Lovings* v. *N. & W. Ry. Co.*, 47 W. Va. 582, that the old provision of this law providing for a trial on appeal to the circuit court by a jury of six was unconstitutional and void. Then came the statute as we now have it, providing for a trial before a justice by a jury of twelve. But is such a right to a trial before a justice by a jury of twelve the right guaranteed petitioner by the Constitution? We answer, No. But in the language of the Supreme Court of the United States, quoted by Judge BRANNON, in *Richmond* v. *Henderson*, 48 W. Va. 389, 398, ''It is a trial by a jury of twelve men, in the presence and under the superintendence of a judge empowered to instruct them on the law and advise

them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict if in his opinion it is against the law or the evidence.''

Whether a trial before a justice by a jury of twelve men, as the statute now provides, will satisfy the demands of the Constitution, is also answered in the language of that high court, as quoted by Judge BRANNON in the same connection: ''A trial by a jury of twelve men before a justice of the peace, having been unknown in England or America before the Declaration of Independence, can hardly have been within the contemplation of Congress in proposing, or of the people in ratifying, the Seventh Amendment of the Constitution of the United States.'' Judge BRANNON applies the same argument to our Constitution, and it is unnecessary for us to repeat his argument in this connection, or to do more than say, that according to the reasoning and arguments of that case a trial by a jury of twelve men before a justice does not satisfy the requirements of our Constitution in respect to jury trials.

The important question then is, can the Legislature deprive the petitioner of his right of appeal, and his concomitant right of trial by a jury according to the course of the common law, by imposing upon him conditions with which he is financially unable to comply? We answer, No. And if the provision of said section 230, chapter 50, of the Code, was susceptible of that construction only, it would have to give way before the supreme force of the Constitution. In *Sullivan* v. *Adams*, 69 Mass. 476, the language of the Court is, referring to the Massachusetts statute: ''By the first clause of this section, a right to appeal is given, in clear and distinct terms; and this is necessary, in order to satisfy the twelfth article of the Declaration of Rights, which secures to every one, charged with a crime, the right of trial by jury. Justices of the peace and police courts do not furnish a jury, by whom a trial can be had. But it has always been held, that if there is an unobstructed and unclogged right of appeal to a court in which such trial can be obtained, that article of the Declaration of Rights is not infringed upon. This right of appeal is plainly given by the first part of §32.''

In that case, the statute, as construed by the court, required

as a condition of the appeal that the appellant was required
to give a recognizance to abide the sentence of the court
appealed from, rendering that clause unconstitutional, as a
clog to the right of appeal and a trial de novo before the
appellate court.

In *Saco* v. *Woodsum,* 39 Me. 258, a statute of that State
imposing a similar condition was held unconstitutional. The
Court says: ''That Act required the bond to be given before
the appeal should be allowed. The Act of 1853 required the
same thing. The bond in this case was given as we must
presume, because the statutes in their terms required it, for
the purpose of enabling the accused to have a jury trial in
an appellate Court. To suppose it to have been given inde-
pendently of the statutes, and the order of the justice, is not
in accordance with the facts of the case and every reasonable
inference. The statute, so far as it required the bond given
in this case, was a violation of the provisions of the constitu-
tion, and that provision inoperative and void.'' See, also,
to same effect, *State* v. *Gurney,* 37 Me. 156, 58 Am. Dec. 782,
and *Inhabitants of Saco* v. *Wentworth,* 37 Me. 165, 58 Am.
Dec. 786, and note. The third point of the syllabus in the
latter case is: ''Act which makes it difficult for accused to
obtain trial by jury, beyond what public necessity requires,
impairs individual rights, and is inconsistent with the pro-
vision of the constitution which guarantees their protection.''
The fifth or last point of the syllabus is: ''Statute requiring
accused, as prerequisite for obtaining jury trial, to give a
bond in a large penal sum, conditioned to be void if he shall
abstain from all violations of the provisions of the act during
the pendency of the appeal taken for the purpose of securing
a trial by jury, contravenes the provision of the constitution
which guarantees to the accused a speedy trial by jury, and is
therefore void; and no action can be maintained on such a
bond.''

The Supreme Court of Minnesota took a similar view of a
statute of that State, in *State* v. *Everett,* 14 Minn. 439. The
statute giving right of appeal from judgments of justices
said: ''Provided said person shall within five days enter into
a recognizance, with one or more sufficient sureties, condi-

tioned to appear before said Court and abide the judgment of the court therein, and in the mean time to keep the peace and be of good behavior." This provision was held unconstitutional in so far as it conditioned the right of appeal and the securing of the right of trial by jury on the giving of the recognizance. The court said: "In the case at bar, the only trial which was permitted the defendant before the justice, was a trial by a jury of six men, and he was, under the statute referred to, permitted to appeal to the district court, and there obtain trial by a jury of twelve men, only upon entering with surety into the recognizance spoken of. The effect of this state of facts was in our opinion such as to deprive him of his constitutional right of trial by jury." Citing *Saco* v. *Wentworth, supra.* Judge Freeman in his note to this case, referring to the Minnesota case, says: "Had the statute, however, provided that the defendant might give bail or stand committed, it would not be amenable to objection, since it would in such case be within his power to comply with one or the other alternative." Citing the Minnesota case, and, also, *Jones* v. *Robbins,* 8 Gray, 329. In the latter case Chief Justice Shaw, second point of the syllabus, held: "A statute, which authorizes a single magistrate to try and pass sentence in a criminal case, but gives the defendant an unqualified and unfettered right of appeal, and a trial by jury in the appellate court, subject only to the requirement of giving bail for his appearance there, *or,* in default of such bail, being committed to jail, is not unconstitutional as impairing the right of trial by jury." Other cases, more or less pertinent, bearing on the subject, are collated by Judge Freeman in the note just above referred to. See, also, as somewhat pertinent, *Moundsville* v. *Fountain,* 27 W. Va. 182, 204-5.

Plainly the recognizance required by said section 230, chapter 50, of our Code, was not intended as a security to the State for costs, or for maintaining and keeping the accused pending the appeal, but to secure his appearance before the appellate court to answer the offence with which he is charged and not to depart thence without leave of the court. The petitioner in this case does not seek his discharge from cus-

tody pending the appeal. He is willing, as his counsel say, to remain in the custody of the officer. He demands only his constitutional right of appeal, and his right under the Constitution to the judgment of his peers, which means a trial by a jury of twelve men, as defined by the Supreme Court of the United States, and by Judge BRANNON in our own case of *Richmond* v. *Henderson, supra*. We think our statute should be so construed as not to deprive him of this right of appeal, except upon conditions with which he is unable to comply; that the condition of the recognizance should apply only for obtaining his release from custody pending the appeal.

For these reasons we are of opinion to award the writ of mandamus, the appeal granted to be without condition, but petitioner's right to a discharge pending the appeal to be conditioned upon his entering into the recognizance as provided by the statute and the judgment of the justice appealed from.

*Peremptory writ awarded.*