# CHARLESTON.

GEORGE E. FISHER v. J. B. SOMMERVILLE, JUDGE, ETC. *et al.*

Submitted January 8, 1919.    Decided January 14, 1919.

1. HUSBAND AND WIFE—*Abandonment—Penal Statute—Constitutionality.*

    In so far as the provisions of chapter 51 of the Acts of the Legislature of 1917, Secs. 16c(1) to 16c(8) of ch. 144 of Barnes' Code of 1918, provide for enforcement of the duty of a husband to provide for the support of his destitute wife and children, pending a criminal proceeding against him for his failure to support them, without just cause, they are constitutional and valid. (p. 163).

2. COURTS—*Equity Jurisdiction—Power of Legislature.*

    The legislature is not inhibited by anything in the constitution from extending the powers and jurisdiction of the law courts to subjects of equity cognizance. (p. 164).

3. JURY—*Right to Jury Trial—Abandonment of Wife.*

    The constitution does not guarantee to a husband right of trial by jury on a charge of inexcusable failure to support and maintain his wife and children, nor on an issue as to what amount he should pay for such purpose. (p. 164).

4. HUSBAND AND WIFE—*Criminal Proceeding for Abandonment—Proceeding for Support—Merger.*

Although said statute authorizes initiation of the proceeding for support and a criminal prosecution at the same time, in the same court and on a single complaint, it does not merge or consolidate the two proceedings into one, nor make the former an aid to the latter. (p. 164).

5. SAME—*Abandonment—Proceedings—Statute.*

The complaint and the warrant issued thereon, under it, confer jurisdiction to enforce payment of money for temporary support and to recognize or commit the accused pending an inquest by the grand jury, as to his probable guilt of the criminal offense charged therein. (p. 165).

6. INDICTMENT AND INFORMATION—*Jury—Indictment—Necessity.*

Properly construed said statute accords to the accused the benefit of the constitutional guaranties against trial without an indictment and otherwise than by a jury, in respect of the criminal offense it creates. (p. 165).

Prohibition by George E. Fisher against J. B. Sommerville, Judge, and others.

*Writ refused.*

*Martin Brown,* for petitioner.

*E. T. England,* Attorney General, *Henry Nolte,* Assistant Attorney General, and *James D. Parriott,* for respondents.

POFFENBARGER, JUDGE:

Upon the assumption that the provisions of Chapter 51 of the Acts of the Legislature of 1917, Sec. 16c (1) to Sec. 16c (8), Ch. 144, Barnes' Code 1918, authorizing the juvenile, circuit, intermediate and criminal courts to convict any husband who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitious circumstances, or any parent who shall, without lawful excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her ligitimate or illegitimate child or children under the age of sixteen years, in like circumcumstances, of a misdemeanor punishable by a fine or imprisonment or both, and to substitute for such punishment,

in its discretion, an order requiring payment of money for the support and maintenance of the neglected person, is un-constitutional because it fails to provide for inquiry and indictment by a grand jury, as a condition precedent to right of trial and punishment, the plaintiff seeks a writ of prohibition to inhibit and restrain the Circuit Court of Marshall County from proceeding against him under said statute.

The statute provides for the making of an order of arrest by the court or the judge thereof, founded upon a complaint to be filed by the wife, child, children or any other person. Under this order, a warrant is issued, command-ing the apprehension of the accused and his production in court or before the judge thereof in vacation, to answer the complaint and to be further dealt with according to law. As to any inquiry or indictment by a grand jury, the act is silent.

The proceeding against the plaintiff, instituted by his wife under this statute, has not progressed to final judg-ment. Being advised of the issuance of the warrant, he voluntarily appeared and resisted it, denying the validity of the statute and also his liability under it, in case of the overruling of his contention as to its validity, on the ground of desertion on the part of the complainant. His motion to quash the complaint and warrant having been overruled, he plead not guilty, and caused to be entered upon the record a declaration of his willingness at all times to support his wife, the actual provision of such support, her rejection thereof through the influence of her parents and his offer to take her back to his home. Thereafter, the court, on the hearing of testimony, required him to enter into a recogni-zance to appear on the first day of the next regular term of the court to answer an indictment in the event of the find-ing thereof by the grand jury. A few days later, the wife, after notice, filed a petition in the cause praying an order requiring him to pay her money for her support, under the provision of the statute empowering the court to "Enter such temporary order as may seem just, providing for the support of the deserted wife or children, or both, *pendente*

*lite.''* A motion to quash and a demurrer thereto having been overruled, the court, after considering the evidence previously taken on the return of the warrant, and the offer made by the husband, entered an order requiring him to pay the wife $30.00 per month during the pendency of the proceeding. It is to prevent the enforcement of this order that he seeks a writ of prohibition.

The primary and ultimate purpose of the statute is coercion of provision for support of deserted wives and children by those upon whom the law places the burden of their support, when they, being able to provide it, refuse to do so. Jurisdiction for such purpose, as between husband and wife, has been held and exercised by the courts of equity for centuries. They alone, under the common law and equity principles, were competent to enforce matrimonial obligations. The legal unity of husband and wife and their inability to make contracts with one another that courts of law could take cognizance of or enforce, made the equity court the only forum in which their rights against one another could be asserted. The policy of the law committed the delicate relations of husband and wife, in so far as they were judicially cognizable, to the enlightened conscience and judgment of the chancellor, not the inflexible rules of law. But this method of procedure, like all others, had its defects which the legislature has endeavored to remedy by the passage of the act in question. It gives a summary and cumulative remedy and a harsher one than that afforded by the equity courts and, to restrain and, if possible, suppress the evil of dereliction of marital and parental duty, as well as to provide a more efficacious means of enforcing performance of such duties, it has made wilful neglect thereof criminal. In view of the necessity of vesting the jurisdiction of the criminal procedure in the law courts and the undesirability of distributing the two branches of the subject to the two recognized classes of courts of general jurisdiction, the legislature has conferred upon the law courts, to a limited extent, a jurisdiction formerly exercised by the courts of equity. This is not unusual in legislation. There are a

great many cumulative legal remedies and the acts creating
them are everywhere held to be valid and constitutional.

The extension of the jurisdiction of the law courts to the
enforcement of performance of the husband's duty to sup-
port and maintain his wife does not alter the character of
the duty, nor enlarge the rights of the husband. In the
equity courts, he was not entitled to have a jury determine
whether he had neglected performance of the duty or what
sum of money the wife was entitled to have for her main-
tenance. Having no such constitutional right under equity
procedure, he could not have had it at all, for the duty was
enforcible only in equity. Extension of the jurisdiction of
the law courts to a case formerly cognizable only in equity,
without provision for a jury trial, involves no more than
the difference betwen a judge of a law court and a chancel-
lor, and nothing in the constitution either expressly or im-
pliedly withholds power from the legislature to make such
an extension. As it involves no alteration of the substantive
right constituting the subject matter, whether it shall be done
or not is a question of mere expediency or public policy fall-
ing clearly within the domain of legislative power. There
are many exceptions to the constitutional rule inhibiting trial
without a jury, *Ex Parte Jones et al.,* 71 W. Va. 567, 596,
and this is one of them.

The exercise of this power by the law courts is not an in-
cident of the procedure for enforcement of criminal lia-
bility authorized by the act, to be conducted at the same
time and initiated by the same complaint. Nor is it an aid
to such procedure. The two authorized proceedings start
at the same time and on the same complaint, but they are
clearly separable in character, progress and operation. The
complaint makes out a *prima facie* case for a temporary al-
lowance or award of support, as the verified bill or answer or
petition and affidavit did in equity. It continues until the
final hearing, when a permanent allowance or award is made
or refused agreeably to the determination of the controversy
on its merits. In equity, that was effected by the decree
on the merits. Here, it is to be effected by the trial of the
indictment, if one is returned, and, in the event of a failure

to indict, by the discharge of the accused. In either event, the temporary allowance ends. The criminal prosecution could go on without the award of money for support, and maintenance could be enforced without the criminal prosecution. An amalgamation of the two subjects is not a necessary incident of their contemporaneous cognizance in the same court. Since the legislature could have authorized either of the proceedings without the other, it is obvious that it could authorize simultaneous prosecution thereof in the same court on the same complaint, without intention to merge one of them in the other. No terms indicative of intent to merge them are found anywhere in the statute.

After having provided for the arrest of the accused and production of his body in court to answer the complaint, the statute prescribes procedure for enforcement of the duty of support, with the consent of the accused before trial, or in the discretion of the court, on a plea of guilty or a conviction, in lieu of a judgment imposing a fine or imprisonment or both, or in addition to the penalty. Trial is mentioned but the mode thereof is not prescribed. Without disregarding or contravening any of the words of the act, the complaint may be used as the basis of a commitment to await an indictment or a recognizance to appear and answer it, as well as the foundation of an order requiring payment of money for support.

Resort to the constitution, the common law and general statutes relating to criminal procedure for the method of trial for the criminal offense created by the act does not imply or involve any addition to its terms. When the legislature makes an act a criminal offense and prescribes the punishment, the general laws relating to procedure in criminal cases become applicable to it, without incorporation thereof into the creating act by words of reference or otherwise. To prescribe the procedure in a statute creating a new offense would be both unusual and unnecessary, unless the legislature contemplated something different from the ordinary procedure. If, in this act, it had expressly required the trial to be had on the complaint, intention to dispense with an indictment would have been expressed, and the statute

would not have been susceptible of the interpretation the trial court has given it. As it did not do so and is silent as to the mode of trial, the court properly construed it as it would have construed and applied any other statute creating an offense and prescribing the punishment. It correctly regarded the support proceeding and the criminal proceeding as separable and dealt with them separately.

Perceiving no constitutional infirmity in the statute nor any lack of jurisdiction in the circuit court, we decline to award the writ prayed for.

*Writ refused.*