# CHARLESTON.

## STATE *v.* Z. L. HARRIS.

Submitted February 22, 1921.   Decided March 1, 1921.

1.  HUSBAND AND WIFE—*Indictment and Information—Criminal
    Non-support Statute Not Unconstitutional.*

    Properly construed, what is popularly known as the non-support statute, ch. 51, Acts, 1917, secs. 16c (1) to 16c (8), ch. 144, Barnes' Code, 1918, making it a criminal offense for a husband to desert, or wilfully neglect or refuse to provide for the support and maintenance of, his wife in destitute or necessitous circumstances, does not contravene sec. 4, of Art. III of the Constitution of this state, nor the Fifth Amendment of the Constitution of the United States, and is not void by reason of anything in said constitutional provisions contained. (p. 99).

2.  SAME—*Criminal Non-support Statute Held Not to Vest Jurisdiction to Try Offense on Complaint Therein Authorized.*

    But said statute does not vest jurisdiction in any court to try, convict or sentence any person accused of such offense, on the complaint therein prescribed and authorized.   (p. 99).

3.  SAME—*Complaint Held Sufficient to Support Award of Support Pendente Lite.*

    Such complaint is sufficient process for an award of support to the wife, *pendente lite*, on a petition filed therefor and notice thereof to the accused.   (p. 100).

4   SAME—*Motion to Quash Complaint Under Non-support Statute Held Properly Overruled.*

    A motion to quash a complaint filed under said statute and in the form prescribed by it, on the ground of conflict between the statute and the constitutional provisions above mentioned, is properly overruled.   (p. 101).

5.  SAME—*Defensive Pleas to Complaint Under Non-support Statute Held Premature.*

    As such complaint is not a charge of the offense therein named, for the purposes of trial respecting it, but only for the purposes of such temporary support and preliminary examination and commitment or bail to answer an indictment for the offense, defensive pleas thereto are premature.   (p. 101).

6.    SAME—*Order for Payments to Wife Under Non-support Statute Without Petition and Notice Held Erroneous.*

An order requiring the husband to make monthly payments to the wife, entered in such a proceeding without a petition therefor and without notice of an application therefor, after trial and conviction on such a complaint, and incorporated in the judgment rendered, is not an order providing for support *pendente lite,* authorized by sec. 3 of said act, and, even though it might be within the jurisdiction of the court, and, if properly made, might stand as such an order, on reversal of the judgment and finding in other respects, it is at least erroneous, and will be reversed and set aside, along with the judgment and the finding of guilt of the offense. (p. 101).

7.    SAME—*On Reversal of Conviction Under Non-support Statute Case May be Remanded.*

Upon such reversal, it is proper to remand the case for such procedure on the complaint and warrant, within the scope and limits of the statute, as may be available to the complainant. (p. 102).

Error to Circuit Court, Mason county.

Proceedings by the State against Z. L. Harris for non-support of complainant wife. Judgment requiring defendant to pay complainant a monthly sum and committing him to the county jail in default of a recognizance for personal appearance and for compliance with the order for support, and he brings error.

*Reversed and remanded.*

*Musgrave & Blessing* and *J. E. Beller,* for plaintiff in error.

*E. T. England,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, *Somerville & Somerville* and *B. H. Blagg,* for the State.

POFFENBARGER, JUDGE:

The judgment complained of on this writ of error was rendered in a proceeding by a wife against her husband, on the ground of non-support, under the provisions of secs. 16c (1) to 16c (8) of ch. 144 of Barnes' Code of 1918, and, in addition to a requirement that the defendant pay the com-

plainant $15.00 per month, for her support, until the further order of the court, it committed him to the custody of the sheriff and imposed upon him a sentence of imprisonment in the county jail with hard labor on the public roads for a period of one year, unless he should enter into a recognizance in the penalty of $800.00 and with good and sufficient sureties, to make his personal appearance in court, when ordered so to do, and to comply with the terms of the order respecting support and any subsequent modification thereof.

An argument founded upon sec. 4. of Art. 3 of the Constitution of this state and the Fifth Amendment to the Constitution of the United States, and submitted in support of one of the assignments of error, assails the validity of the statute on which the proceeding is based. Properly construed and applied, it does not conflict with any constitutional provision. It was carefully examined and analyzed with reference to the constitutional inhibition of prosecution for major offenses, otherwise than upon presentment, or indictment, and its validity affirmed, in *Fisher* v. *Sommerville,* 83 W. Va., 160.

It was held in that case, however, that the complaint by which the proceeding is initiated performs a double function. For enforcement of the duty to render support, it suffices as process. Its sufficiency in that sense for the purposes of prosecution for the offense created by the statute was not necessarily intended. The Legislature could have intended to make it operate only for purposes of arrest and preliminary examination and commitment, in respect of the criminal offense; and we held that it had so intended and, therefore, had not attempted to vest power and jurisdiction in any court, to entertain a prosecution for the offense, otherwise than upon presentment or indictment.

In its procedure on the complaint and warrant, the trial court has gone beyond what we so held could have been and was intended by the Legislature, and done what that body did not necessarily intend to vest jurisdiction to do. It tried and convicted the accused on the complaint and without a presentment or indictment. If such jurisdiction could have been

vested, the trial and conviction are void, under the interpretation put upon the statute in *Fisher* v. *Somerville,* because it did not vest it. If, on the other hand, the Legislature had not power to vest it, by reason of constitutional limitations, but nevertheless attempted to do so, the trial and conviction are void.

It is unnecessary to inquire whether the limitation of the Constitution of the State, saying, "No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury," is to be tested, in respect of its scope, by the jurisdiction of justices as it was at the date of the adoption of the Constitution, or by such jurisdiction as it has been or may be subsequently fixed and determined by legislative action. The offense here involved did not exist at the date of the adoption of the organic law and it is not now cognizable by a justice. It was first created by ch. 13, Acts 1901, which made it an offense cognizable by a justice. That act was repealed by ch. 51, Acts 1917, which vested the jurisdiction of the offense in the juvenile, circuit, intermediate and criminal courts.

The interpretation put upon the statute by the trial court cannot be sustained. As so interpreted, it would be manifestly unconstitutional, because it would attempt to do what the Constitution expressly forbids. The clearly permissible construction put upon it in *Fisher* v. *Sommerville* avoids this consequence and effectuates the legislative purpose and intent. Repetition and elaboration of the reasoning upon which the conclusion expressed in that case is based are unnecessary. We perceive nothing of value that can be added.

It follows, that, in so far as the order complained of finds the plaintiff in error guilty of an offense under the statute and sentences him to imprisonment and labor on the public roads, and provides for his release from such imprisonment and labor, by entry into a recognizance in the penalty and with the sureties and condition therein prescribed, it must be reversed, set aside and annulled.

The court had jurisdiction and power, however, to inquire

88 W. Va.

preliminarily, whether there was probable cause for holding the accused, by proper procedure, to answer an indictment for the offense, and to enter an order "providing for the support" of the complainant, *"pendente lite"*. The procedure for accomplishment of the latter purpose, includes a "petition of the complainant" and "notice to the defendant." Barnes' Code, 1918, ch. 144, sec. 16c (3). But the order providing for support, entered in this case, does not purport to be one for support *"pendente lite."* Although it requires payment of $15.00 per month, until changed or modified, it is carried into and made part of the judgment, and security of performance thereof is made a condition of release from the imprisonment and labor imposed by the judgment. Hence, it obviously provides for permanent support. Besides, the court made no inquiry as to the propriety of an order for mere temporary support. No petition therefor was filed, nor was any notice of an application therefor, served on the defendant. At any rate, the record discloses none. Two special pleas tendered by the defendant were rejected by the court, and his motion to quash the complaint overruled. Then issue was joined on his plea of not guilty, and he was tried and found guilty. The order for support followed all of this, wherefore it could not have been one for support *"pendente lite."* The litigation had come to a final order and judgment, when it was entered. It was part of the judgment.

In as much as the judgment was void, the order might be within the jurisdiction of the court, since it heard the evidence relating to the status of the parties, and the complaint was sufficient to bring them into court, and has not been finally disposed of in the manner contemplated by law; but, if so, it was clearly erroneous, for lack of proper procedure, there having been no petition for it, no notice of an application for it, nor any inquiry as to the propriety of such an order.

The motion to quash the complaint and warrant and special plea No. 1, were both founded upon the theory of unconstitutionality of the statute. A conclusion already stated sustains the overruling of the motion and rejection of that plea.

Special plea No. 2, would have set up an adjudication of

permanent alimony payable monthly at the rate of $15.00 per month, in favor of the complainant, by a court of the State of Arkansas. It was properly rejected. It did not aver payment of the alimony. If the complaint was true and the alimony not paid, disclosure of the judgment or decree was matter of aggravation rather than defense. A better ground of justification of its rejection, however, is that there was no indictment, no sufficient charge of an offense for the purpose of trial, to which it could be interposed, if it would have been a proper plea to an indictment. Nor was there any petition for an order for support *pendente lite* to which it could have been interposed, if allowable in such case.

Upon these principles and conclusions, the judgment complained of will be reversed, except in so far as it overruled the motion to quash the complaint, and the case remanded for such procedure on the complaint and warrant, within the scope and limits of the statute, as may be still available to the complainant, if she shall be advised to demand it.

*Reversed and remanded.*