## CHARLESTON.

### STATE *v.* HARRY GOUDY.

Submitted October 2, 1923.   Decided October 9, 1923.

1. CRIMINAL LAW—HUSBAND AND WIFE—INDICTMENT AND INFORMATION—*Trial on Complaint and Warrant Charging Non-Support Unauthorized; Judgment Cannot be Entered for Support Where Defendant Held to Answer Indictment Pendente Lite.*

Chapter 51, Acts 1917; Barnes' Code, 1923, §16 c (1 to 8) of ch. 144, does not authorize a trial upon a complaint and warrant charging non-support. As a criminal proceeding, a preliminary examination may be had thereon, and if proper, the defendant may be held to answer an indictment; but the court or judge has no jurisdiction to try him upon either the complaint or warrant, or both, for non-support and enter judgment thereon for support pendente lite. (p. 546).

2.  HUSBAND AND WIFE—*Both Petition and Notice to Defendant Necessary for Valid Judgment for Temporary Support.*

    To authorize the entry of a valid judgment for temporary support, in a non-support proceeding under the statute, a petition for that purpose must be filed therein and notice thereof given the defendant. A petition alone is not sufficient. Both petition and notice are necessary.  (p. 545).

3.  STATUTORY PROVISIONS OF COLORADO.

    Under the statutes of Colorado, except in certain instances, in a suit for divorce in that state, it must be shown that plaintiff has been a citizen and bona fide resident of the state for one year prior to the commencement of the suit and that the suit is brought in the county where the plaintiff or defendant resides or where the defendant last resided; but where the fact of such citizenship and residence is not alleged in the complaint, but that fact is affirmatively shown by the evidence adduced at the trial and is ascertained and adjudged in the decree granting the divorce, such decree, under the decisions of the Supreme Court of that state, is not void, though it may be erroneous, and hence it is not open to collateral attack there.  (p. 548).

4.  JUDGMENT—*Judgment in Another State not Open to Collateral Attack Entitled to Same Faith and Credit in Courts of West Virginia.*

    The decree not being open to collateral attack there, it is not open to collateral attack here, as under sec. 19, ch. 130, Barnes' Code, 1923, it is entitled to the same faith and credit in the courts of this state as it is entitled to in the courts of Colorado.  (p. 550).

Error to Circuit Court, Marshall County.

Proceeding by the State against Harry Goudy for non-support of his wife. Judgment requiring defendant to pay complainant a stipulated sum and costs, and a further monthly sum until further order of court, and he brings error.

*Reversed and remanded.*

*Martin Brown,* for Plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *J. Howard Holt,* for the State.

MEREDITH, JUDGE:

Defendant complains of a judgment of the circuit court

of Marshall County, entered June 5, 1922, by which he was ordered to pay Minnie Goudy, his first wife, the sum of $120 and costs and the further sum of $25 per month thereafter, beginning July first for the month of June, and monthly thereafter on the first day of each month until the further order of the court.

The order was entered in a non-support proceeding, instituted January 6, 1922, under chapter 51, Acts 1917, section 16c (1 to 8) chapter 144, Barnes' Code, 1923. It was begun by his former wife filing a verified complaint showing that defendant had deserted her and his child, Helen Goudy, and alleging that they were in destitute circumstances. A warrant was issued, defendant was arrested, and arraigned before the court, February 10, 1922. His motion to quash the warrant being overruled, he pleaded "Not Guilty," and also filed, over the state's objection, a special plea to the effect that the complainant, Minnie Goudy, was not his wife; that they had been absolutely divorced by a decree of the county court of Pueblo County, Colorado, May 8, 1915; that their daughter Helen was seventeen years of age May 4, 1921; and for these reasons he alleged he was not bound to support either of them. To this the state replied specially, alleging that defendant deserted the complainant and her child and went to parts unknown; that if he had procured a divorce in Colorado or elsewhere, he had done so fraudulently and without notice to complainant. Defendant's demurrer to the special replication was overruled. The matter was then tried upon the warrant, pleas and replication. The court took until June 5th following to consider its judgment. On that day, without further notice to defendant, complainant filed per petition, praying that $25 per month be awarded her as temporary support. Thereupon the court found defendant guilty, and the judgment complained of was entered; in addition thereto, defendant was required to enter into a recognizance to appear on the first day of the next term of the court to answer any indictment, should one be preferred against him, though the amount of the recognizance, if any, is not disclosed by the record.

There are three assignments of error:

1. The overruling of defendant's motion to quash the warrant.

2. Entering judgment for temporary support without notice to defendant of the filing of complainant's petion.

3. Entering any money judgment against him for support or costs, because defendant had been absolved from all duty to support his former wife by decree of divorce granted him in Colorado.

As the complaint and warrant are substantially in accord with the statute, we hold them sufficient, and it was not error to overrule his motion to quash. Attention, however, should be called to the fact that neither complaint nor warrant shows that the child, Helen Goudy, is under the age of sixteen years, the age limit provided in the statute; as a charge for neglect as to the child, the warrant is defective; but it being shown that at the time the warrant issued, she was over sixteen years of age, the state waived this charge. However, the defective charge as to the child does not vitiate the charge of desertion or non-support of the wife.

The second assignment is well taken. Section 3 provides:

> "*At any time before the trial,* upon petition of the complainant *and upon notice to the defendant,* the court or a judge thereof in vacation, may enter such temporary order as may seem just, providing for the support of the deserted wife or children, or both, *pendente lite,* and may punish for violation of such order as for contempt."

In this case no notice was given defendant of the filing of the petition for temporary support. In this respect the case is similar to the case of *State* v. *Harris,* 88 W. Va. 97, 106 S. E. 254. There the court tried the defendant upon the warrant, found him guilty, adjudged that he pay his wife $15 per month for her support until the further order of the court, committed him to jail for the period of one year, with hard labor upon the public roads, unless he should give bond with approved security to make his personal appearance in court when so ordered and to comply with

the order respecting support and any subsequent modifica-- tion thereof. We held the jail sentence void, because the court could not try him upon any criminal charge upon the warrant. It could only do this upon a presentment or indictment of a grand jury, in which event the defendant is entitled to a trial by jujry. *Fisher* v. *Sommerville*, 83 W. Va. 160, 98 S. E. 67. In the Harris case the money judgment was also held erroneous because no petition was filed or notice given that complainant would ask for temporary support. In the present case a petition was filed, but no notice was given. Under section 3 both are necessary. We should not be too technical about matters of procedure under this statute, but notice and opportunity to be heard are vital to the validity of all judgments; they are never mere technicalities. Counsel for the state say that he had notice and was heard when he was tried upon the warrant; but not so. As was pointed out in State v. Harris, supra, the court had no right or jurisdiction to try him on the warrant; it could give him a preliminary examination, and if satisfied, hold him to answer an indictment for the offense of desertion or wilful neglect of his wife or child, a misdemeanor under section 1. If the complainant would have support *pendente lite,* that is, support in advance of a trial upon the indictment, a petition therefor must be filed and notice thereof given the defendant, with opportunity to be heard.

As practically all the difficulties in the application of the non-support statute arise upon matters of procedure, it is proper to point out briefly the different steps provided in the statute and those necessarily implied therefrom. The proceeding is begun by a verified complaint; upon this a warrant issues, commanding the officer to arrest the defendant and bring him before the court or judge to answer the complaint and further to be dealt with according to law. When arrested and brought before the court, it can not try him on the warrant or complaint. "Said statute does not vest jurisdiction in any court to try, convict or sentence any person accused of any such offense, on the complaint therein prescribed and authorized"—point 2 of syllabus, *State* v. *Harris, supra.* At this stage, there are two courses open. The state may give

defendant a preliminary hearing, and if there is reasonable ground to believe him guilty, he may be required to give bail to answer any indictment which may be found by the grand jury; in default of bail he may be committed, as in other criminal proceedings. But he can not be tried for the offense except on presentment or indictment. *Fisher* v. *Sommerville, supra.* In addition to this course, complainant may give notice and file her petition for support pending the prosecution under the indictment found or to be found. To this petition defendant can make defense—any defense which would show that he is not liable under the statute for the support of those named in the petition. But this hearing for temporary support is to be had upon the petition and the answer or other pleading interposed thereto—not upon the warrant or complaint. The court hears the evidence, and enters such order as may be deemed just and equitable, applying equitable principles, though in a court of law. So far as the civil proceeding is concerned, the complaint and warrant operate as initial process; they do not operate as a civil pleading upon which the court can render judgment for support *pendente lite.* The petition to be filed by complainant supplies this. It is this that furnishes the basis upon which a judgment for temporary support is rendered. It follows, therefore, that the court erred in rendering judgment for temporary support on a trial on the warrant or complaint, as no trial on either could be had; or upon the petition, as no trial or hearing was had thereon, the defendant having no notice of the filing thereof. For this reason the judgment must be reversed.

But as a new trial will have to be awarded, it is proper here to consider the effect of the Colorado decree. If it is a valid defense, we can say so, rather than await a new trial, put the parties to great expense, and end with the same result which we can now see in advance.

The trial court held in effect that the Colorado decree did not absolve defendant from his duty to support the complainant, his first wife. These parties separated in 1912; which one left the other is now immaterial; each one blames the other. At any rate, defendant went to Colorado, just when is not disclosed, and on August 10, 1914, filed his complaint for divorce in the county court of Pueblo county.

Process was had by the clerk mailing on January 26, 1915, a copy of the summons to the defendant, the present complainant, in an envelope addressed to her at Moundsville, West Virginia, her last known post office address, and by order of publication which was perfected according to the Colorado statute. So far as the process was concerned, she was properly summoned under the Colorado law. The court entered a decree regular in all respects, finding thereby "that the plaintiff was personally present at the trial of said cause and is now and has been for at least one whole year last prior to the commencement of said action, a bona fide citizen and resident of the county of Pueblo and the state of Colorado;" it finds that plaintiff is entitled to and grants him an absolute divorce; each of the parties thereby is released from all duty, rights or claims accruing to the other by reason of their marriage.

Counsel for the state urge three objections to this decree: (1) want of notice to the defendant; (2) want of proper jurisdictional averments in plaintiff's complaint; and (3) failure of the court to appoint an attorney to represent the defendant.

The first objection has already been answered. Defendant was properly summoned.

The second is the main objection. The complaint does not show on its face that the plaintiff then was, and had been for one year immediately preceding the beginning of the suit, a resident of the state of Colorado. It is contended that this renders the decree void. If so, of course, it furnishes no defense to this proceeding. Section 2116, Colorado Statutes Annotated, then provided that:

> "No person shall be entitled to a divorce in this state unless such person shall have been a bona fide resident and citizen of this state for one year prior to the commencement of the action, which fact shall be proven by the evidence of at least one credible person other than the plaintiff.

> "Provided, That this section shall not affect applications for divorce upon the grounds of adultery or extreme cruelty, where the offense was committed within the state; Provided, further, That such suit shall

only be brought in the county in which plaintiff or defendant reside, or where such defendant last resided.''

Counsel for the state cite us to *Johnson* v. *Johnson*, 30 Colo. 402, for the proposition that averment of plaintiff's residence is jurisdictional. In that case, which was tried by a jury, after verdict in plaintiff's favor, an order was made that a decree of divorce be entered in favor of plaintiff, upon payment of costs by defendant. The same day defendant moved to set aside the verdict and grant him a new trial, but his motion was overruled. He then moved in arrest of judgment on the ground that the complaint did not show that either of the parties resided in the county where the suit was brought. This motion was sustained, but leave was given plaintiff to amend her complaint in accord with the fact proved at the trial, that she was a bona fide resident of the county; the amendment was made and the decree was entered. On writ of error, the Supreme Court held that while it ''might be that the complaint as originally drawn did not state facts sufficient to authorize the court to proceed to a decree,'' yet the amendment was a proper one, even after verdict. We have no doubt that under the liberal practice indulged in in Colorado, the defendant here could at this late date have his complaint amended in accord with the facts as ascertained by the decree. See 15 R. C. L. tit. Judgments, §§122, 123.

In *Clarke* v. *Asher,* 53 Colo. 313, it was held:

''A bill to stay execution of a judgment at law is a collateral attack of the judgment. When the court in which the judgment was given had jurisdiction of the subject matter, and of the person of the defendant, such judgment, not having been reversed or annulled, is not open to collateral attack in any form of proceeding. The rule is the same even though the complaint upon which the judgment was rendered, fails to state a cause of action.'' Citing: *Venner* v. *Denver Union Water Co.,* 40 Colo. 212, and *Steinhauer* v. *Colmar,* 11 Colo. App. 494. See also: *Laing* v. *Rigney,* 160 U. S. 531; *Kinnier* v. *Kinnier,* 45 N. Y. 535, 6 Am. Rep. 132; 15 R. C. L. tit. Judgments, §339, cases cited.

These cases support the proposition stated, whether the case be at law or in equity.   Other cases from that court might be cited, but we have no doubt that that court would hold that the decree rendered by the Pueblo County Court is not void.   It might be erroneous, but certainly not void; nor would it be open to collateral attack there, but must, in that state, be treated in all respects as a valid and binding decree. How must it be treated here?   Our statute answers:

> "The records and judicial proceedings of any court of the United States, or of any state, territory or district, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice or presiding magistrate of such court, to be attested in due form, shall have such faith and credit given to them in every court within this state, as they have in the courts of the state, territory or district whence the said records came."   Code, ch. 130, sec. 19.

The third objection, namely, that no attorney was appointed to represent the defendant in the divorce suit, is untenable, because this is not required where the cause is tried by the court in lieu of a jury, and this cause was tried by the court. Colo. Stat. Anno. §2120.

We have not discussed the charge that the divorce was obtained by fraud, as there is no evidence of that fact.   We are therefore of opinion that the decree of divorce granted the plaintiff by the Pueblo County Court is a valid and binding decree and as such is entitled to full faith and credit in the courts of this state, as it is in that state.   It necessarily follows that the complainant is not entitled to any support from the defendant.   But as this matter of defense was introduced upon the supposed trial on the warrant, and not upon a proper trial on the petition, we can not properly dismiss the proceedings.

We will therefore reverse the judgment and remand the cause.

*Reversed and remanded.*