Guy Clarence Cruikshank, *et al.*

*v.*

Charles A. Duffield, Jr., Judge, *et al.*

(No. 10615)

Submitted September 2, 1953. Decided September 29, 1953

*J. W. Maxwell,* for petitioners.

*John G. Fox,* Attorney General, *T. D. Kauffelt,* Assistant Attorney General, for respondents.

Given, Judge:

We have in this original proceeding in prohibition questions attempted to be raised in a proceeding upon

a writ of error granted by this Court, which writ was dismissed as having been improvidently awarded. The facts are carefully and fully stated in the opinion filed in that proceeding, *State* v. *Cruikshank*, 138 W. Va. 332, 76 S. E. 2d 744. For convenience the facts may be recapitulated here.

One of petitioners, Guy Clarence Cruikshank, was proceeded against, by complaint and warrant, before a justice of the peace in Clay County, under the nonsupport statute, and was convicted by the justice of nonsupport of his two minor children. The judgment of the justice required the defendant to pay monthly sums for support of the children. He appealed from the judgment of the justice, executing the appeal bond required by Code, 48-8-4, as amended, which bond was also executed by the other petitioners herein, Stella Cruikshank and Paul Cruikshank, as sureties.

Upon trial in the circuit court, before a jury, defendant was again convicted of the offense charged. The judgment of the circuit court, in so far as material here, reads: " * * * and it is, therefore, considered by the Court that the said Guy Clarence Cruikshank and Stella Cruikshank and Paul Cruikshank, the last two of whom signed the appeal bond given by the defendant in this case as his surety therein, do pay to the said Ruby Olive Cruikshank, the mother of the two children, Karen Lee Cruikshank and Phyllis Irene Cruikshank, for the support and maintenance of said children and until the further order of this Court, the sum of $20 per month for each of said children, said payments to begin as of the tenth day of December, 1951, the aggregate of said payments due to this date amounting to $240.00, and the next and subsequent payments of $40.00 each ($20.00 per month for each of said children) to be made on or before the tenth day of July, 1952, and monthly thereafter until the further order of this Court, or until said children severally reach the age of sixteen years; and that the said defendant and his said sureties do further

pay to the said Ruby Olive Cruikshank her costs in and about the prosecution of this action before the Justice and in this Court expended, including the usual statute fee of $10.00.

"On motion of plaintiff an execution is awarded her for the collection of said $240.00 and the costs aforesaid, if the said $240.00 and costs are not paid on or before July 1, 1952."

Petitioners contend that the judgment entered by the circuit court is void, for the reason that the nonsupport statute is unconstitutional. The contention that the statute is unconstitutional is based substantially upon these premises: That it is in violation of the due process of law provision found in Section 10 of Article III of the State Constitution; that it is in violation of the provision of Section 4 of that article relating to trial of criminal proceedings upon presentment or indictment; and that it is in violation of the provisions of Section 14 of that article relating to trial of certain crimes by a jury of twelve men. Essentially, the question raised by these contentions is the same: Has the Legislature, under the Constitution, power to vest jurisdiction of the offense charged in justices of the peace?

Section 4 of Article III of the State Constitution provides that " * * * No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury * * * ". Section 28 of Article VIII of the State Constitution provides that " * * * The jurisdiction of justices of the peace shall extend throughout their county; they shall be conservators of the peace and have such jurisdiction and powers in criminal cases as may be prescribed by law * * * ".

In *Tomlinson* v. *Cunningham,* 106 W. Va. 1, 144 S. E. 570, this Court pointed out that the phrase "not cognizable by a justice", used in the above quoted constitutional provision, includes " * * * not only those cases cogniz-

able by a justice at the time of the adoption of the Constitution, but also those made cognizable by a justice by subsequent legislative action * * * ". See *State* v. *Goudy*, 94 W. Va. 542, 119 S. E. 685; *State* v. *Harris*, 88 W. Va. 97, 106 S. E. 254; and *Richmond* v. *Henderson*, 48 W. Va. 389, 37 S. E. 653. Moreover, the language used in Section 28 of Article VIII, to the effect that justices of the peace shall "have such jurisdiction and powers in criminal cases as may be prescribed by law", constitutes express authority to the Legislature to extend criminal jurisdiction of justices of the peace to offenses other than those of which justices of the peace had jurisdiction at common law. We do not here attempt to point out limitations of that power imposed by other provisions of the Constitution.

Petitioners argue that the requirement of the bond provided for in Code, 48-8-4, as amended, constitutes such an impediment to or a clogging of the right of a defendant to appeal from a judgment of a justice as to amount to a denial of the right to a trial by jury, since that right can not be accorded defendant by the justice. See *State* v. *Emsweller-Jenkins*, 78 W. Va. 214, 88 S. E. 787; and *Vetock* v. *Hufford*, 74 W. Va. 785, 82 S. E. 1099. But does the nonsupport statute unreasonably impede or clog the right of appeal? We think not. A careful examination thereof reveals that it requires nothing more of a defendant to obtain an appeal from a judgment of a justice than to demand or request such appeal within a reasonable time. The bond required by that section, and the bond executed in the instant case, required only of the defendant an appearance in the circuit court. The giving of the bond permitted the release of defendant from legal custody; but the right of appeal was in no manner affected by the requirement of the statute relating to the bond. Defendant could have refused to execute the bond and still have obtained the appeal. If bond had not been executed he would have remained in legal custody. Legal custody, however, is one thing, and the right of appeal another. *Vetock* v. *Hufford*, *supra*; *Jelly* v.

*Dils and Smith,* 27 W. Va. 267; *Moundsville* v. *Fountain,* 27 W. Va. 182, 50 C. J. S., Juries, 132.

At the time of the Revolution justices of the peace of the several colonies exercised jurisdiction over more than two hundred offenses, including *qui tam* proceedings, then prevalent in the colonies. Some of such offenses were of the same general nature as the offense charged in the instant case. For example, a father who neglected to furnish support to his minor children, or threatened to do so, was guilty of an offense. A mother of an illegitimate child could be imprisoned by a justice until she disclosed the name of the father of the child, or gave security for its support. Jurisdiction of such offenses was continued to be exercised by justices of the peace after the adoption of Constitutions by the several states and commonwealths, and after the adoption of the Federal Constitution. See *Duffy* v. *People,* 6 Hill (N.Y.) 75; *Katz* v. *Eldredge,* 97 N. J. L. 123, 117 A. 841; *State* v. *Loden,* 117 Md. 373, 83 A. 564; *Ragsdale* v. *Danville,* 116 Va. 484, 82 S. E. 77.

The question as to what constitutes such a clogging of the right of appeal from a justice, in such cases, has given courts great difficulty. They are not now unanimous in their holdings. In *Miller* v. *Commonwealth* (1892), 88 Va. 618, 14 S. E. 161, the Virginia Court held an act unconstitutional which attempted to vest jurisdiction in a justice, notwithstanding a defendant convicted thereunder had an absolute right of appeal, not unreasonably clogged. The holding was overruled by the decision in *Brown* v. *Epps* (1895), 91 Va. 726, 21 S. E. 119, 27 L. R. A. 676. In considering the questions involved, a very helpful article by Professor Leo Carlin, titled "The Right of Trial by Jury in West Virginia", may be found in 33 West Virginia L. Q. 183. Another very helpful article by Professor Felix Frankfurter, now Justice of the Supreme Court of the United States, and Thomas G. Corcoran, titled "Petty Federal Offenses and the Constitutional Guarantee of Trial by Jury", will be

found in 39 Harvard Law Review, 917.. See also *Callan* v. *Wilson,* 127 U. S. 540, 33 L. ed. 223, 8 S. Ct. 1301; *Schick* v. *United States,* 195 U. S. 65, 49 L. ed. 99, 24 S. Ct. 826, 1 Ann. Cas. 585; *District of Columbia* v. *Clawans,* 300 U. S. 617, 81 L. ed. 843, 57 S. Ct. 660.

For another reason we hold that the statute under consideration is not unconstitutional. By Chapter 13 of the 1901 Acts of the Legislature, the offense of nonsupport was first made a criminal offense in this State. By that act justices of the peace were vested with jurisdiction of the offense. By Chapter 51 of the 1917 Acts, jurisdiction was withdrawn from justices of the peace and vested in juvenile, circuit, intermediate and criminal courts. Under that act a defendant could not be tried by any court upon complaint and warrant. *State* v. *Goudy,* 94 W. Va. 542, 119 S. E. 685; *State* v. *Harris,* 88 W. Va. 97, 106 S. E. 254, 48 A. L. R. 1194n; *Fisher* v. *Sommerville,* 83 W. Va. 160, 98 S. E. 67, 48 A. L. R. 1193n. By Chapter 73 of the 1925 Acts of the Legislature, the 1917 Act was amended and reenacted so as to again vest jurisdiction of the offense in justices of the peace. The *Goudy, Harris* and *Sommerville* cases hold the 1917 Act constitutional, but hold further that justices of the peace had no jurisdiction thereunder for the reason that such jurisdiction was not granted by the Act. Necessarily, the inference arises from such holdings that the 1925 Act, as amended, is constitutional.

In *Tomlinson* v. *Cunningham,* 106 W. Va. 1, 144 S. E. 570, this Court held:

"1. Section 16c (2) and (3), Chapter 144, West Virginia Cumulative Statutes, providing for the trial and punishment of a husband for a violation of the nonsupport act before a justice of the peace, are not violative of. Section 4, Article III, West Virginia State Constitution, declaring that 'No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury.' "

"2. The Legislature is not inhibited by anything in the Constitution from extending the powers and jurisdiction of the law courts to subjects of equity cognizance."

Thus we find that the constitutionality of the statute under consideration has repeatedly been upheld by this Court. Due to the importance of the constitutional questions raised, we have again reviewed the authorities and reasons upon which such holdings were based, as well as subsequent decisions, and are of the view to adhere to the former holdings.

Another contention of petitioners is that the judgment entered against the sureties on the bond executed by them, pursuant to Code, 48-8-4, as amended, is void as to the sureties, in so far as it relates to liability of the sureties for support payments accruing subsequent to the judgment of the circuit court; or, to state the proposition another way, does the statute empower the circuit court to enter judgment against the sureties for an amount greater than the aggregate of the unpaid support payments accruing under a judgment of the justice, prior to the date of the entry of a judgment by the circuit court? As above noticed, the judgment of the circuit court required the sureties, as well as the defendant, to pay certain sums monthly for the support of the children until they arrive at the age of sixteen years. Proper determination of the extent of the power granted the circuit court to enter the judgment against the sureties may require a reading of the entire section, which follows:

"If at the trial, any husband, person or parent shall be found guilty of a violation of the provisions of this article, and desires to appeal from the decision of the justice trying such case, he shall give bond in the penalty of not less than five hundred dollars, with the condition that he shall appear before the court to which he appeals, and if upon trial on appeal, the defendant is again found guilty of such charge, the payments to the wife, child or children, as the case may be, shall be fixed by the

judge of the court to which appealed, in an amount to be determined by him, which may be either more or less than the amount fixed by the judgment from which appealed, having regard to the circumstances and financial ability and earning capacity of the defendant, and such amount as fixed by the said judge shall relate back to the date of the trial before the justice of the peace appealed from, and such bond shall be liable for the payments of such sums, and judgment therein may be entered thereon against the defendant and his surety, and the court may also enter such further judgment as may be proper under the provisions of this article."

It will be noticed that the circuit court is clearly authorized to require a defendant convicted under the statute to make "payments to the wife, child or children, * * * in an amount to be determined by him * * * ". Of special significance here is the language "and such amount as fixed by the said judge shall relate back to the date of the trial before the justice of the peace appealed from, and such bond shall be liable for the payments of such sums, and judgment therein may be entered thereon against the defendant and his surety, * * * ". Do the words "such sums" refer to the sums accrued under the judgment of the justice or to such sums as the defendant may be required to pay by the order of the circuit court? We need not here consider whether the order of the circuit court constituted a judgment for the aggregate amount of payments which were to accrue subsequent to the entry of the judgment, for whether it be considered a judgment for the amount of such payments, or whether merely an order requiring the payment of fixed monthly sums, the question of jurisdiction of the court, as it relates to the sureties, is the same.

As pointed out in the *Goudy* case, *supra,* the nonsupport statute not only provides for criminal prosecution of a defendant who has violated the provisions thereof, but also provides civil procedure for the enforcement of the right of a wife, or minor children, to support. The

court, in its discretion, may enforce either the criminal or civil liability, or both, as to a defendant convicted thereunder. No such liability, however, exists as to sureties who execute an appeal bond, unless such liability is created by the provisions of the statute quoted above. Any such liability, or any power vested in the court to enter an order making the sureties liable for support payments, must be found in the statute. Undoubtedly the statute does vest in the court power to enter some kind of judgment against the sureties. If the power granted, however, has been exceeded in the entry of the judgment complained of, it is quite clear from the authorities that, to the extent the power has been exceeded. the judgment is void. "Where a court is without jurisdiction in the particular case, its acts and proceedings can be of no force or validity, and are a mere nullity and void, not voidable, even prior to reversal, whether the lack of jurisdiction appears on the face of the record or by proof outside of it; likewise, a court's acts in excess of its jurisdiction are void, even if it has jurisdiction of the subject matter of the action and of the parties, as where a court of special or limited jurisdiction exceeds its powers * * * ". 21 C. J. S., Courts, Section 116. In *Barnes* v. *American Fertilizer Co.*, 144 Va. 692, 130 S. E. 902, we find this statement: "Upon this record the first question presented for the consideration of this court is the extent of the court's authority to pass the decrees of August 29th and October 4th hereinbefore set out. In other words, the decrees in question are valid and effective only in so far as the court had jurisdiction of the subject-matter therein attempted to be adjudicated; and it is fundamental doctrine that 'jurisdiction of the subject-matter can only be acquired by virtue of the Constitution or of some statute.' Shelton v. Sydnor, 126 Va. 625, 102 S. E. 83. To the extent, therefore, that the court exceeded its authority, or its jurisdiction, over the subject-matter embraced in the decrees, they are absolute nullities, and may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner,

and may be declared void by every court in which they are called in question. Wade v. Hancock, 76 Va. 620; Seamster v. Blackstock, 83 Va. 232, 2 S. E. 36, 5 Am. St. Rep. 262; Neale v. Utz, 75 Va. 480; Shelton v. Sydnor, 126 Va. 625, 102 S. E. 83." See *Bennett* v. *Bennett,* 137 W. Va. 179, 70 S. E. 2d 894; *State* v. *Huber,* 129 W. Va. 198, 40 S. E. 2d 11, 168 A. L. R. 808; *Perkins* v. *Hall,* 123 W. Va. 707, 17 S. E. 2d 795; *Pettry* v. *Shinn,* 120 W. Va. 20, 196 S. E. 385; *Click* v. *Click,* 98 W. Va. 419, 127 S. E. 194; *Norfolk and W. Ry. Co.* v. *Pinnacle Coal Co.,* 44 W. Va. 574, 30 S. E. 196, 41 L. R. A. 414.

While jurisdiction of courts of general jurisdiction is generally presumed, when acting only by virtue of a statute, as in the instant case, such courts are limited in power to that granted by the statute. "Courts of general jurisdiction stand upon the same footing with courts of limited powers, when not acting within the scope of statutory authority. Where the jurisdiction invoked is not inherent in the court, but conferred by special statute, and is to be exercised only under the prescribed statutory conditions of fact, the plaintiff must allege and prove the required jurisdictional facts. Even though a court is a superior one of general jurisdiction, still, when the particular proceedings are not according to the course of common law but under a statute giving a summary remedy, the record on its face should generally show that the particular case comes within the statute and that the statute has been followed * * * ". 11 M. J., Jurisdiction, Section 26.

We think the answer to the question posed is not difficult to find. The first part of the section, Code, 48-8-4, deals solely with the question of appeal. The next provision relates to the fixing of liability against the person convicted, and the power of the court to fix the extent of that liability, expressly authorizing the court to fix the amount of monthly support payments accruing "back to the date of the trial before the justice of the peace appealed from". Then follows the provision relating to the

liability of the sureties who signed the appeal bond, and the power of the court to enter judgment against them. Had the Legislature intended that the sureties be made liable for all payments, future as well as accrued, to the same extent as the convicted defendant, the liability of the convicted defendant and the liability of the sureties, and the power of the court to enter judgment, would most certainly not have been dealt with separately by the Legislature. We think there can be no question that the words "such sums" used in the section refer only to the sums which should be paid by the convicted defendant, as determined by the circuit court, and which accrued prior to the date of the judgment of the circuit court. Moreover, the wording of the statute, "such bond shall be liable", makes it clear, we think, that the sureties are not to be held liable in any event as to any amount greater than the penalty of the bond. This being true, the judgment of the circuit court complained of is, in so far as it applies to any liability of the sureties accruing subsequent to the entry thereof, in excess of the power granted by the Act, and void.

We are not unmindful of the provision of the statute to the effect that the circuit court may "also enter such further judgment as may be proper under the provisions of this article." This provision, however, can not have the effect of enlarging the power of the circuit court with reference to entry of judgment against the sureties for, as we have already noticed, such power is limited by "this article".

From the conclusions reached, we necessarily hold that the nonsupport statute, Code, 48-8, is constitutional; that the judgment of the Circuit Court of Clay County complained of, as to the petitioner Guy Clarence Cruikshank is valid; that that judgment is valid as to the other petitioners, Stella Cruikshank and Paul Cruikshank, only in so far as it relates to the amount of the support payments, as fixed by that court, accruing prior to the date of that judgment; and that the writ of prohibition prayed

for herein should be granted, prohibiting the enforcement or collection of that judgment, in so far as it relates to any liability of Stella Cruikshank or Paul Cruikshank accruing subsequent to the date of that judgment.

*Writ awarded.*